HENRY YOUNG, RELATOR, v. C. R. PEARMAN, COUNTY JUDGE, ET AL., RESPONDENTS.

Decided January 15, 1910.

**1.—Appeal—Inability to Pay Costs—Mandamus.**

In a proceeding by mandamus to compel the officers of a trial court to make up and duly certify a transcript of the proceedings and a statement of facts in the case tried after a contest had been had as to the truth of appellant's inability to pay cost and the decision had been adverse to the appellant, it devolved upon him to make it plainly appear from the evidence adduced on the contest that the court trying the issue had abused its judicial discretion, otherwise the mandamus will be refused.

**2.—Same.**

In an application for mandamus to compel the officers of a trial court to prepare a transcript of the proceedings on the trial, on the ground that the evidence adduced in a contest as to his right to appeal without giving security for costs was sufficient to entitle him to such transcript, and that

the court trying said contest abused its discretion in denying him said right, the unsworn statement of the relator as to the evidence adduced on the contest will not warrant the appellate court in reversing the decision of the trial court.

**3.—Mandamus—Impossibility of Performance.**

Courts are never required to command the performance of impossible things; so, when it appeared from the answer of a court stenographer, respondent in a mandamus proceeding, that he had lost the notes of the testimony and could not find them after diligent search, the court will refuse a mandamus to him to prepare a transcript of said testimony; especially when the relator in no way accounts for his failure to himself make up a statement of facts, as provided by law he may do.

Original application for mandamus.

*Henry Young,* for himself.

*Potter & Culp,* for respondents.

CONNER, Chief Justice.—This is an original proceeding instituted by the relator, Henry Young, for writ of mandamus commanding the respondent, C. R. Pearman, county judge of Cooke County, and J. R. Jordan, clerk of the County Court of Cooke County, and W. D. Garnett, stenographer, to make up and duly certify a transcript of the proceedings and a statement of facts in the case tried in said County Court of Henry Young v. W. B. Hickman and wherein said Henry Young was defeated. The application for the writ shows that the relator, after the rendition of said judgment against him, duly gave notice of appeal and in lieu of an appeal bond made and duly filed an affidavit of inability to secure or to pay any part of the costs, said affidavit being in substantial compliance with Revised Statutes, article 1401, granting the right of appeal in such cases.

It appears, however, from the duly verified answer of the respondents and certified copies attached thereto, that upon the filing of said affidavit in the County Court the same was contested by both said stenographer and the clerk; that a trial of the issue thus formed was had before the County Court which rendered the following judgment:

"Now, on this the 17th day of November, came on to be heard the contest filed by the clerk of this court and by W. D. Garnett, stenographer, contesting the truth and sufficiency of the affidavit of the plaintiff, Henry Young, filed herein to enable him to appeal without giving a cost bond, and after hearing the evidence introduced upon said contest, the court is of the opinion that the affidavit is insufficient, incorrect and untrue, and the court finds that the said Henry Young could pay the costs on appeal, or at least a large portion of them; also that he could give bond in sufficient amount to secure said costs, wherefore it is ordered by the county judge that said contest be sustained, and that said affidavit be held insufficient, and the request of the said Young made to the county judge to compel the stenographer and the clerk to prepare the record for appeal in this case, is hereby refused unless the plaintiff files a cost bond in the sum of $75 or deposits half that amount in cash to pay the costs."

The stenographer also further separately answered that at the time he reported the case of Young v. Hickman, he was the official court reporter for the Sixteenth Judicial District; that in reporting the case of Young v. Hickman he was not acting in his official capacity, but by special employment; that as official court reporter he had accumulated a large number of books containing his shorthand reports of cases; that the book of notes containing the report of the relator's case had been laid aside with other note books, and that while he was absent soon after the trial of the case the room in which the books had been deposited had been cleansed by some employes who disarranged and confused the books, since which time he had "made a diligent search to locate the books containing the notes taken on the trial of Young v. Hickman in the County Court of Cooke County, and has failed to locate the same . . . that said books have become misplaced through no fault of his and he has always been careful and painstaking to preserve all shorthand notes taken by him and preserved the same for one year as provided by the Act governing the appointment and duties of official court reporters. . . . That he is unable to furnish a statement of facts in the case of Young v. Hickman, tried in the County Court of Cooke County, at its October term, 1909, on account of his inability to find said notes as above set forth, even though this court should grant the writ of mandamus as prayed for by relator."

It has been held that in a case of this kind a Court of Civil Appeals may review the action of the county judge in determining a contest of an affidavit of inability to secure or pay the costs of appeal. See Murray v. Roebuck, 89 S. W., 781. Assuming then that the right to do so is unquestioned, it must certainly be true that a litigant, complaining of an adverse order in such contest, should plainly show by the evidence submitted to and determined by the court trying the issue, that its judicial discretion was abused. It is always incumbent upon one claiming the benefit of the writ of mandamus to clearly show his right, and the several answers of the respondents above given in this case have not been legally denied. It is true that the relator has filed a reply in which he states that on the trial of the issue under consideration before the county judge, he was the only witness, and details his testimony on that occasion. Such statement, if properly supported, might entitle relator to the writ for which he herein prays, but the statement is not verified nor supported by affidavit, agreement of parties, or otherwise, so that we can not accept as established the recitation of such facts in the reply. Such unsupported statement should certainly not be made the basis of a ruling on our part, that the county judge committed error in adjudging relator's affidavit insufficient.

Besides, from relator's application and his statement on the oral submission of his cause, it appears that a statement of facts made out by the stenographer is essential to the appeal, from which we are to infer, of course, that his appeal would be unavailing in the absence of such statement. This being true, and the answer of the stenographer to the effect that the notes of the trial had been lost and that he is unable to now make out such statement in no way being con-

troverted, we can not see that the order as prayed for against him would be of avail. Courts are never required to command the performance of impossible things; and we are the more disinclined to make the order now desired against the stenographer, because of the fact that relator in no way undertakes to account for his failure to himself make up the statement of facts for approval by the county judge, as provided under the General Laws, section 14, of the Stenographer's Act of 1909. (See General Laws, 1909, page 374.)

We conclude that relator's application for the writ of mandamus must be denied.

*Mandamus denied.*