## EL PASO BITULITHIC CO. v. NEILL.
### (No. 1666.)

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1924. Rehearing Denied Dec. 4, 1924.)

**1. Municipal corporations ⬾429—That lots could be faced other way insufficient to warrant assessment as "abutting property."**

That two lots, only one of which abutted on street paved, could be assessed as abutting property under El Paso Charter, § 58, by facing them other way, is insufficient to warrant such assessment, though owner's use thereof as one lot in disregard of lot lines as platted might make both abutting property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abutting.]

**2. Municipal corporations ⬾488, 489(5) — Owner protesting when notified of improvement not estopped to set up irregularities in illegal assessment by failure to appear after due notice.**

Owner protesting when first notified of improvement *held* not estopped to set up irregularities in illegal assessment by failure to appear and contest it, even if published notice thereof was sufficient.

**3. Municipal corporations ⬾519(1)—Lien of void assessment against one lot cannot be foreclosed against another.**

Lien of assessment against lot, not abutting on street paved, as required by city ordinance, cannot be foreclosed on adjoining lot, as to which it would have been good.

On Motion for Rehearing.

**4. Municipal corporations ⬾455—Notice of proposed assessment held ineffective.**

Notice of proposed assessment, not naming any person as owner of lots assessed nor running in name of unknown owners, as required by El Paso Charter, §§ 59, 60, is ineffective.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by the El Paso Bitulithic Company against Robert T. Neill. Judgment for defendant, and plaintiff appeals. Affirmed.

J. U. Sweeney and E. C. Wade, Jr., both of El Paso, for appellant.

Armstrong & Morrow and Royall G. Smith, all of El Paso, for appellee.

HARPER, C. J. This suit was filed by the El Paso Bitulithic Company against Robert T. Neill to recover the sum of $689.86, with interest and penalties, and to foreclose assessment lien for paving on lots 11 and 12, block 214, Alexander addition to the city of El Paso, Tex. Defendant filed general denial and cross-action to remove cloud caused by the asserted lien. Tried without a jury, and the court found against plaintiff, and for defendant for the principal sum and for defendant removing cloud. Plaintiff appealed.

The facts are that H. H. Neill, a former owner, had been dead 10 years. There had never been any administration upon the estate. Mrs. Dora M. Neill, surviving wife, inherited one-half interest, Mrs. Raymond and Robert T. Neill, daughter and son, inherited one-fourth interest each in lots 11 to 24 block 214, Alexander addition, and so owned them at the date of assessment. The block as platted shows the lots to face west on Stanton street, and lot 11, being on the corner, lies along Cincinnati street, which was paved, but the street does not touch lot 12. The assessment, advertisement, and other proceedings were in the name of "H. H. Neill" or "H. H. Neill estate," % Robert T. Neill. There is no finding of facts, but the above are not controverted.

The first proposition:

"The city of El Paso, having taken all the steps provided by the charter and having levied a valid assessment against the property involved in this action, plaintiff was entitled to a judgment against defendant for the amount sued for, and foreclosure of charter and assessment lien."

First, appellee says, there was no valid assessment, because section 60 of the Charter provides that "the council shall, in making and levying the assessment, name the owner or owners at the time of such assessment, if known, or if not known, shall designate as unknown," and that the designation "H. H. Neill estate," does not comply with the charter provision. This certainly does not name the owners nor does it designate as unknown.

So this is equivalent to no notice at all, and the owners were not given an opportunity for hearing on the amount of the assessment and the benefits and is void. Texas B. Co. v. Abilene St. Ry. Co. (Tex. Civ. App.) 166 S. W. 433; City of Paris v. Bray (Tex. Civ App.) 142 S. W. 927, reversed upon on another point 107 Tex. 188, 175 S. W. 432.

Appellant cites Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631. This assessment was against Mrs. Elmendorf and children, and they were the actual owners, and so designated, but in this case no person was designated as owner, nor does the ordinance assess against "unknown owner," and the fact that the estate was in care of Robert T. Neill did not meet the requirements.

[1] The next irregularity in the assessment is that both lots 11 and 12 were assessed whilst 11 only abutted upon the street paved, and only such "lots or pieces of ground abutting upon the portion of the street to be paved" may by section 58 of the city charter be charged with the costs of the improvement.

But appellant says that these two lots

could be faced the other way and for that reason could be assessed as abutting property. That this could be done is not sufficient, but if in fact the lots had been used as one lot by the owners in disregard of the lot lines, as platted, and made a part of the city, and this had been alleged and proven, it may be that such acts would constitute both lots "abutting property," otherwise not. Barber Asphalt Pav. Co. v. Peck, 186 Mo. 506, 85 S W. 387; City of Springfield v. Green, 120 Ill. 269, 11 N. E. 261. The proof in this case is that there were 10 vacant or unimproved lots owned by the heirs of H. H. Neill at the time of the assessment. See Halsell v. Ferguson, 109 Tex. 144, 202 S. W. 317.

[2] Points 3 and 5 are to the effect that the defendant is estopped to set up irregularities in the assessment because after due notice the owners failed to appear and contest. If we concede, which we do not, that the notice published was sufficient under the ordinance, still it was notice of an illegal and void assessment, and appellee protested when first notified of the improvement, and therefore for both reasons is not estopped.

[3] It is further contended by appellant: "If the city council was not authorized by the charter to levy the assessment on lot 12, it was good on lot 11, and plaintiff was entitled under its prayer to foreclose its lien upon lot 11." The assessment was void because lot 12 did not abut upon the street paved. The court cannot make the assessment because it must be done by the city council. Hutchison v. Storrie, 92 Tex. 685, 51 S. W. 848.

Affirmed.

On Motion for Rehearing.

[4] In passing upon the appellant's first proposition the original opinion reads:

"So this is equivalent to no notice at all, and the owners were not given an opportunity for hearing on the amount of the assessment and the benefits, and is void."

In some way our conclusion upon the question of notice was left out of the final draft of the opinion, so it will be reformed to read as follows: To make a valid assessment on city property, to meet the cost of paving a street abutting upon it, two steps are prescribed by ordinances:

"Section 59. When the city council shall determine * * * to do any work mentioned in section 58 for which a special assessment is to be made and levied it shall by resolution declare such work necessary, etc., * * * and shall cause an estimate of the probable cost * * * to be made by the city engineer * * * who shall report the same * - * * with a list and fair description of the lots and pieces of ground abutting on the proposed work * * * and the names of the owners of the same, if known * * * and thereupon notice by publication * * * shall be given the owners or persons interested in said abutting property of the proposed assessment thereon and of the time and place where they may appear and contest the same. * * *"

And section 60 prescribes the steps to be taken in making the assessment as indicated above. The notice and the assessment both fail to name any person as owner, nor do they run in the name of unknown owner or owners, so this is equivalent to no notice at all; as a consequence the owners were not given an opportunity for hearing.

With this correction, the motion is overruled.

HIGGINS, J. (concurring). Section 60 provides:

"In making and levying the assessments aforesaid, the city council shall specify the lots and pieces of ground on and against which the same is made by such description as will fairly and reasonably designate the same, and shall name the owner or owners at the time of such assessment, if known; or if not known, shall designate as unknown. * * *"

The ordinance of the city making the assessment against the property does not name the owners nor designate them as unknown, as required by section 60. The assessment was therefore invalid. The Elmendorf Case is inapplicable for the reason that the provisions of the statute governing in that case are entirely different from section 60 of the El Paso Charter.

Waiving any question as to the sufficiency of the preliminary notice under section 59, and the fact that lot 12 does not abut on the street paved, the writer is of the opinion that the assessment ordinance itself is fatally defective in the particular indicated.