## CLENDENEN v. HAYNES, County Clerk.
### No. 1012.

Court of Civil Appeals of Texas. Eastland.
Jan. 29, 1932.

Tom F. Reese, of Comanche, for relator.

Y. W. Holmes, of Comanche, for respondent.

HICKMAN, C. J.

This is an original application for a writ of mandamus made by the relator against the respondent, as county clerk of Comanche county, to compel the latter to prepare and deliver to relator or his attorney a transcript of the proceedings in a cause tried in the county court of Comanche county, wherein W. L. Tatum was plaintiff and the relator was de-fendant. In that cause judgment was rendered against relator, and he is seeking to bring that judgment to this court for review. In due time after the judgment was rendered relator made his affidavit of inability to pay costs or to give security therefor. A contest was had, resulting in an order of the court in which the cause had been tried that the appeal should not be allowed on relator's affidavit. The purpose of this proceeding is to require the clerk to prepare and deliver the transcript, notwithstanding the order of the court disallowing the appeal.

It seems to be well settled that the action of the trial court in disallowing an appeal on affidavit in lieu of bond may be brought to this court for review by a mandamus proceeding. But relator's right to have the writ of mandamus issued must be determined in accordance with the evidence adduced upon the hearing of the contest below. The allegations in relator's application that he is unable to pay the costs or give security therefor cannot be considered by us, but only the evidence offered below. The rule is different in a case where a mandamus is sought in the county court against a justice of the peace. When appeals are taken from the justice court to the county court, the latter court is not in any sense a reviewing court, but trials are de novo and evidence will be heard by that court as to the facts actually existing at the time the application is considered by it.

Respondent does not attach to his application, or otherwise bring to this court, any statement of facts disclosing what evidence was introduced upon the hearing of the contest. Neither does his application anywhere state what such evidence was. We are therefore left without any guide to determine whether or not the trial court abused its discretion in disallowing the appeal. There is attached to the application the order of the county court refusing to allow the appeal, which order recites: "That said Clendenen owns the following property: 4 horses, 14 head of cattle, between 50 and 75 head of sheep, 1 wagon, 1 car, 1 binder, and 168 acres of land. I find that some of said property is incumbered by a mortgage lien. I further find that Clendenen is the head of a family and entitled to all lawful exemptions."

Assuming, as seems to be the rule, that we may consider these fact findings set out in the order in determining whether the appeal should be allowed, we are still unable to hold that they clearly establish relator's right to an appeal. Some of the property listed is not exempt. We are not advised as to what property is incumbered by a mortgage lien or as to the amount of such lien. If respond-

ent owned nonexempt, unincumbered property of sufficient value to enable him to pay the costs of appeal, the action of the court in disallowing his appeal was authorized. We cannot say from the meager findings before us whether or not the nonexempt property was incumbered, nor can we determine the amount of the incumbrance. In short, the showing made here is that respondent might have been entitled to appeal by affidavit in lieu of cost bond, and that, on the other hand, he might not have been so entitled. Writs of mandamus against public officials will not issue except to compel the performance of a plain, imperative duty.

In arriving at the conclusions herein announced we have considered the following authorities: Pendley v. Berry, 95 Tex. 74, 65 S. W. 32; Murray v. Robuck (Tex. Civ. App.) 89 S. W. 781; Young v. Pearman, 58 Tex. Civ. App. 548, 125 S. W. 360; Hart v. Wilson (Tex. Civ. App.) 156 S. W. 520; Hardin v. Hamilton (Tex. Civ. App.) 204 S. W. 679; Trapp v. Frizell (Tex. Civ. App.) 98 S. W. 947; Black v. Snedecor, 60 Tex. Civ. App. 125, 127 S. W. 570; Heard v. Pearman (Tex. Civ. App.) 275 S. W. 271; Williams v. Jones (Tex. Civ. App.) 5 S.W.(2d) 867.

The application is denied.