### COX v. THURBER BRICK CO. et al.
### No. 1437.

Court of Civil Appeals of Texas. Eastland.
April 12, 1935.

Rehearing Granted Oct. 4, 1935.

Further Rehearing Denied Nov. 1, 1935.

Chandler & Chandler, of Stephenville, and Hiner & Pannill, of Fort Worth, for plaintiff in error.

Oxford & McMillan, of Stephenville, and J. B. Keith and J. A. Johnson, both of Stephenville, for defendants in error.

HICKMAN, Chief Justice.

The city council of Stephenville, by resolution and ordinance, ordered the paving of Devine street, and assessed a certain percentage of the costs thereof against the owners of the abutting lots. Several years prior to the passage of this ordinance, J. A. Johnson, who owned all the south one-half of lot No. 1, block 49, same being more than 400 feet deep, cut it into four lots, numbering them subdivisions 1, 2, 3, and 4, and sold and conveyed subdivisions 1, 2, and 3 to T. C. Primrose, who improved them. 'Subdivision 4, retained by Johnson, abutted on Devine street, and was 168½ feet deep. Subdivisions 1, 2, and 3 did not abut on Devine street. In the ordinance the sum of $388.10 was assessed against Johnson, and against property therein de-scribed as follows: "South one half of Lot No. 1, Block 49, City Addition to the city of Stephenville, fronting 112.1 feet on the south side of Devine Street, and against J. A. Johnson, the owner of said property." After the enactment of the ordinance, Johnson sold subdivision 4 to the plaintiff in error Jess Cox, who, as a part of the consideration therefor, agreed to pay for the paving in front of same. Thereafter, he did make a payment thereon.

The defendant in error, as owner by assignment of the paving certificate, instituted this suit against Johnson for the balance due thereon, and against Johnson and Cox for a foreclosure of its lien. Johnson filed a cross-action against his codefendant, Cox, in which he prayed for judgment over against him for any and all sums of money which he might be adjudged to pay defendant in error. In the trial before the court without a jury, personal judgment was rendered against Johnson and a foreclosure of the assessment lien was decreed as against both Johnson and Cox. On Johnson's cross-action against Cox, it was adjudged that he have and recover all sums of money which he might be required to pay under the judgment rendered against him. From this judgment Jess Cox prosecutes error.

His brief is devoted to a discussion of propositions which challenge the validity of the original lien as against Johnson. In general, the theory is that the assessment was void, because it was made against all of the south one-half of lot 1, when, in fact, Johnson at that time owned only a part thereof. The questions presented are interesting, but, in the state of the record as it comes to us, they are academic. He brings to this court a transcript containing this unchallenged finding of fact: "I further find that it was part of the consideration in the sale of the land from Johnson to Cox that Cox should pay for the paving in front of said premises." Johnson is not before this court complaining of the judgment, and, as noted, the only assignments briefed by Cox are those questioning the validity of the lien attempted to be fixed against the land in the hands of Johnson.

Since Cox recognized the validity of this lien by assuming to discharge same as a part of the consideration for the purchase of the land, it is valid as to him, regardless of any alleged defects in its creation. Rice Stix Dry Goods Co. v. First Nat. Bank (Tex. Com. App.) 231 S. W. 386; Wooten Motor

Co. v. First Bank of Swenson (Tex. Com. App.) 281 S. W. 196; McMullan v. San Antonio Joint Stock Land Bank (Tex. Civ. App.) 78 S. W.(2d) 669.

The judgment of the trial court is affirmed.

On Rehearing.

FUNDERBURK, Justice.

At a former day of this term we affirmed the judgment in this case without reference to the contention of plaintiff in error, Cox, that the paving assessment was void, but solely upon the ground that according to the record Cox had assumed as a part of his purchase price of the land the amount of the paving lien, and it was therefore immaterial whether the assessment was void or not. In his motion for rehearing it is contended that we were in error in affirming the judgment upon that ground because there was no pleading as between the defendant in error Thurber Brick Company and the plaintiff in error, Cox, alleging that Cox had assumed payment of the amount of the paving assessment. After careful consideration, we have concluded that for that reason we were in error in predicating our affirmance of the judgment upon a finding that Cox had assumed payment of the assessment.

■ If Cox assumed payment of the assessment as a part of the consideration moving from him to Johnson for the conveyance to him of the land, it was necessary, in order for such assumption to be available to the Thurber Brick Company, that the latter accept the assumption and allege it as a cause of action. An acceptance would have been implied by a demand of payment of the indebtedness, or by bringing suit against him seeking to recover because of the assumption. The plaintiff's petition, however, makes no claim against Cox for payment of the assessment, and does not allege such assumption. This conclusion requires us to pass upon the question of the validity of the assessment.

The question for decision is: Whether the assessment of a specified sum for street improvement against property described as the south half of lot 1, block 49, and against J. A. Johnson as the owner thereof, is valid as to subdivision 4 of said lot belonging to the said J. A. Johnson and abutting upon the street sought to be paved when subdivisions 1, 2, and 3, being lots of practically the same size as subdivision 4, not abutting upon the street to be paved, were owned by different parties. After careful investigation, we have been unable to find any very satisfactory precedent to guide us in the determination of this question. The most nearly in point of any decision we have found is the case of El Paso Bitulithic Co. v. Neill, 266 S. W. 593, by the El Paso Court of Civil Appeals. It was there said: "The next irregularity in the assessment is that both lots 11 and 12 were assessed whilst 11 only abutted upon the street paved, and only such 'lots or pieces of ground abutting upon the portion of the street to be paved' may by section 58 of the city charter be charged with the costs of the improvement." After noticing the contention that the two lots could be faced the other way, and for that reason could be assessed as abutting property, it was held that the fact that this could be done was not sufficient, and that at least in the absence of proof that the lots were in fact used as one they could not all be assessed as abutting property.

■■ Theoretically, there is a material relationship between the amount of an assessment upon a lot and the amount of benefits it is to receive from the improvements. This being so, it seems to us that in the assessment of the south half of lot 1, block 49, without reference to its four subdivisions, it must be presumed that the benefits to be received by the property were considered with reference to the whole property as a unit. If so, some of the benefits must have been referable to the three subdivisions of the lot which were in fact not owned by Johnson, and not assessable against him if they had been so owned because they were not abutting upon the street to be improved. There can be no contention that the assessment was valid upon three of the four subdivisions. Had the assessment covered only subdivision 4, it would have been valid. The court cannot make the assessment. To do so would involve a consideration of the amount of benefits to be received not by the south half of lot 1, block 49, but only by subdivision 4 thereof, a matter that the city council has never considered or determined.

■■ It is not our view that all imperfect descriptions of property will render such assessments void. Had the city council intended to assess only the property upon which the assessment is now sought to be sustained, mere inaccuracies or imperfections in the description would not, we think, have rendered the assessment void, provided the intention could be ascertained and the

property identified on the ground according to the well-known rules. But the record in this case reflects no intention to assess only subdivision 4. On the contrary, the record suggests the intention to assess the very property described. In plaintiff's original petition it was alleged that Johnson was the owner of the property described at the time the assessment was made and the lien was sought to be foreclosed upon it as described. The situation appears to be that the city council thought that Johnson owned the property described, and so believing, intentionally included in the one assessment three lots not owned by Johnson, and not subject to assessment even had they belonged to Johnson. To sustain that assessment to the extent that it could have been properly made would be, in effect, we think, for the court to make an assessment, a function peculiarly that of the city council.

It is therefore our conclusion that the motion for rehearing should be granted, and that the judgment of the court below should be reversed and the cause remanded, which is accordingly so ordered.