UVALDE ROCK ASPHALT COMPANY V. JOHN K. WARREN ET AL.

No. 6533. Decided March 4, 1936.
Rehearing overruled April 1, 1936.
(91 S. W., 2d Series, 321.)

*W. H. Graham,* of Houston, *W. P. Dobbins, Kampmann & Burney,* all of San Antonio, for plaintiff in error.

On proposition that non-homestead part of tract abutted Fannin Street. Pursiful v. City of Harlan, 222 Ky., 658, 1 S. W. (2d) 1043; Wolfort v. City of St. Louis, 115 Mo., 139, 21 S. W., 912; Abbot v. City of Milwaukee, 236 Fed., 671; Guaranty Const. Co. v. Atwood (Com. App.), 63 S. W. (2d) 685.

On the personal liability of the owner, Scanlan v. Gulf Bitulithic Co., 44 S. W. (2d) 967; Spears v. City of San Antonio, 110 Texas, 618, 223 S. W., 166.

*Stewart & DeLange,* of Houston, for defendants in error.

On the propositions specified cited: Scalan v. Continental Investment Co., 126 Texas, 401, 87 S. W. (2d) 476; Smithey v. Shambaugh, 126 Texas 396, 88 S. W. (2d) 475.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error, Uvalde Rock Asphalt Company, herein referred to as plaintiff, brought this suit in the District Court of Harris County against defendants in error, May E. Warren and her husband, John K. Warren, herein referred to as defendants. Plaintiff sought to recover upon a paving certificate issued by the City of Houston, June 25, 1930, in the sum of $585.00 with foreclosure of a statutory assessment lien. It also sought foreclosure of a contract lien of date October 28, 1929, which it alleged had been executed by Mrs. Warren, joined by her husband. It further sought recovery of a personal judgment against Mrs. Warren. The case was tried before the court without a jury, resulting in a general judgment against plantiff. No finding of fact were requested and none were filed. The judgment of the district court was affirmed by the Court of Civil Appeals. 59 S. W. (2d) 272. The paving certificate in question was issued by the City of Houston in proceedings for the paving of Fannin Street, and for the purposes of this decision we think it may be said that the proceedings resulting in the issuance of the certificate were in all respects regular and in accordance with the charter of the City of Houston and the governing law.

On January 28, 1922, defendant, Mrs. May E. Warren, acquired as her separate property a lot of land in the City of Houston facing 65 feet on Fannin Street and running back a distance of 125 feet. This consisted of all of lot 8 of a certain block, the adjoining 15 feet by 100 feet of Lot 7, and the adjoining 25 feet by 65 feet of Lot 9. Lot 8 is a corner lot fronting 50 feet on Fannin Street and running back 100 feet with Arbor Place, which is an avenue 25 feet in width. For convenience, we refer to Fannin Street as running north and south and Arbor Place as running east and west. Lot 9 adjoined Lots 7 and 8 on the east, fronting Arbor Place and running back south a distance of 100 feet. While in the deed to Mrs. Warren the different lots are referred to and the portion of each included is mentioned, yet manifestly the land purchased was regarded as only one tract, having a frontage of 65 feet on Fannin Street and running back a distance of 125 feet.

At the time of the acquisition of this property there was a residence situated near Fannin Street, being located mostly on Lot 8, but extendng over onto Lot 7. Defendants moved into the house immediately after the purchase, and it is admitted by all parties that the whole tract of 65 feet by 125 feet constituted their homestead until the year 1925. During the year 1925 defendants erected a two-story frame apartment house on the eastern portion of the tract, facing the same on Arbor Place, which house was intended for rental to tenants. It consists of two apartments, and since its construction each of these apartments has been rented to tenants most of the time. The entrances to this house are on Arbor Place and it is numbered in accordance with the houses on that avenue. The entrance to the homestead residence is on Fannin Street and it is numbered according to the houses on that street. Between the family residence and the apartment house there is a concrete driveway about 7 feet in width, which is used by defendants. There is a concrete driveway immediately east of the apartment house which is used by tenants of that house.

Farm and Home Savings & Loan Association was made a party defendant. It held a deed of trust lien on the entire tract. This deed of trust lien was given in extension of a vendor's lien executed by Mrs. Warren at the time of the purchase of the property, and in extension of a mechanic's lien executed at the time of the construction of the apartment house. Apparently this mechanic's lien covered only the apartment house and the portion of land where the same is located. The following rough plat, which in all of its material parts is re-

produced from one in the statement of facts, shows the condition of the property as it was after the construction of the apartment house and as it existed when the assessment was laid:

Dotted lines indicate lines of Lots 7, 8 and 9 as originally platted.

■ As stated above, all parties admit that the original tract was the homestead of defendants until 1925. Plaintiff contends that it has a valid assessment lien on the eastern portion of the tract covered by the apartment house and the land necessary for the proper use and enjoyment of said house, not actually used in connection with the homestead portion of the original tract. It rests this contention upon the claim that the dedication of this part of the property to a purpose inconsistent with the homestead claim and the appropriation of it to rental

purposes constitutes a segregation of that portion of the land from the original tract and an abandonment of it for homestead purposes. It relies upon such cases as Atwood v. Guaranty Construction Co. (Com. App.), 53 S. W. (2d) 685, Wynne v. Hudson, 66 Texas, 1, 17 S. W., 110, and numerous other similar cases. We agree with its contention so far as the homestead question is concerned, but are of the opinion that the rule which it invokes necessarily leads to the conclusion that the assessment against this portion of the property was unauthorized, because it is not to be regarded as property abutting on Fannin Street, the improvement of which was the basis of the certificate.

Under the charter of the City of Houston by virtue of which the improvement was made the cost of making street improvements could be assessed only against property abutting on the street improved and its owner or owners. As originally platted, Lot 9 did not abut on Fannin Street, but abutted only on Arbor Place Avenue. Plaintiff's attorneys cite us to a number of cases holding that where several lots or parts of lots are purchased as one tract and are used as a single tract in disregard of the lot lines as platted, they are to be regarded as a unit and may be assessed as such, even though only one of the lots actually abuts on the street improved. This contention appears to be supported by the great weight of authority. Pursiful v. City of Harlan, 222 Ky., 658, 1 S. W. (2d) 1043, and cases there cited. If, therefore, this property had continued in the condition it was in when purchased, under these authorities the assessment could have been made against that part of the tract in Lot 9, although such lot did not originally abut on Fannin Street. However, the situation did not continue that way. We think the very fact that by voluntary acts and user an owner may disregard platted lot lines and treat the property as a unit is conclusive proof that the owner of a tract regarded as a unit may by voluntary acts and user segregate it into separate tracts and thus determine the question of whether or not it is "abutting property" within the purview of paving laws. In other words, we think the very acts relied upon by defendant to show a segregation of the eastern portion of the tract from the homestead tract, so as to destroy the homestead claim on that portion, necessarily results in a segregation of that portion from the other to such extent that under the circumstances it is properly to be regarded as abutting on Arbor Place, rather than on Fannin, Street. It seems to us that a glance at the accompanying plat will demonstrate that this is true. We think

it perfectly clear that the concrete driveway between the homestead residence and the apartment house, in light of all the circumstances and the use of the property, constitutes as definite and certain division of this property into two tracts as if there had been a sale of the eastern portion of the tract with a concrete driveway as the western line. However, as the driveway is used in connection with the homestead, the division line, so far as the question here under consideration is concerned, would properly be the eastern line of the driveway. The apartment house faces Arbor Place and has its entrances into that street. It is numbered according to the houses on that street. The erection of this apartment house fronting said street and the creation of a mechanic's lien on that portion of the property were definite acts of partition and segregation. The cases of Atwood v. Guaranty Construction Company, supra, and Wynne v. Hudson, supra. clearly demonstrate how a partition of property, so far as the homestead claim is concerned, may be accomplished by the erection of the building and the use of the land. We are convinced that in exactly the same manner a tract of land may be partitioned so that part thereof may abut upon one street and part upon another. It is manifest it seems to us that all of the eastern portion of this tract devoted to the use of the apartment house is to be regarded as abutting on Arbor Place. The case of R. W. Davis & Co. v. McDonald, 200 Ky., 828, 255 S. W., 833, is in principle almost directly in point. We think also that the case of Atwood v. Guaranty Construction Co., supra, in principle supports the conclusion here reached. It was held in that case that the western part of the original tract had become segregated from the balance of the original tract by acts of the parties and was subject to a mechanic's lien. We think it obvious from a study of the situation as disclosed by the plat shown at page 686 of the report that this portion of the original tract could not be properly assessed for costs of paving Avenue O, shown on the plat, nor could the remaining portion of the original tract rightfully be assessed for costs of paving Avenue P. We therefore conclude that the eastern portion of the tract of land in question was not legally subject to assessment as abutting property on Fannin Street.

It is admitted that a lien could not be created by assessment against the homestead, and as the remaining portion of the tract was not abutting property the assessment as to it was invalid.

Plaintiff is not entitled to a lien by virtue of the contract

of October 28, 1929. There was ample proof to sustain a finding of the trial court that Mrs. Warren did not acknowledge this instrument at all. She in effect denied having ever seen the party who purported to take the acknowledgment before the date of trial of the case, and had no recollection of ever having acknowledged the instrument before anyone. She stated positively that no notary ever explained to her the nature of the instrument. The pleadings of defendants, under the circumstances, raised this issue. This makes it unnecessary for us to consider the question of the disqualification of the notary.

Plaintiff, however, contends that in all events it is entitled to a personal judgment against Mrs. Warren, relying upon the case of Spears v. City of San Antonio, 206 S. W., 703, affirmed in 110 Texas, 618, 223 S. W., 166. This is on the assumption, however, that the assessment was validly made. Here the assessment was against the entire tract of 65 feet by 125 feet. We have shown that as to the eastern portion of the tract, which constituted approximately one third thereof, the assessment could not lawfully be made because such property did not abut on the improved street. It is true this assessment was laid on what was known as the Front Foot Plan, but even under that plan the question of benefits to the abutting property was an essential element of the valid assessment. Manifestly, it would be inequitable to assess a lot having a 65-foot front with a depth of only a few feet with the same costs as a lot having a 65-foot front and a depth of 150 feet. The charter under which this improvement was made expressly provided for an equitable assessment in this language:

"The portion of the cost of an improvement determined by the Council to be payable by the owners of property abutting thereon, shall be apportioned between them in accordance with the front foot plan or rule, in proportion as the frontage of each owner is to the whole frontage to be improved; provided, that if in individual cases the Council shall determine that the strict application of this rule would result in injustice or inequality, then the said Council shall adopt such rule of apportionment as will produce substantial equality among said owners, considering burdens imposed upon and benefits received by them."

As the assessment was laid against the entire tract, when it should not have included the eastern portion, it cannot be said that the Council would have made a similar assessment if only the homestead portion of the tract had been considered. There being no way of equitably proportioning the amount of

the assessment, it must all be held invalid so far as creating a personal liability against Mrs. Warren is concerned.  Cox v. Thurber Brick Co., 86 S. W. (2d) 849.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court March 4, 1936.

Rehearing overruled April 1, 1936.