## THURBER BRICK CO. v. JOHNSON et al.

### No. 1826.

Court of Civil Appeals of Texas. Eastland.

Oct. 14, 1938.

Rehearing Denied Nov. 11, 1938.

Oxford & McMillan, of Stephenville, for plaintiff in error.

Chandler &. Chandler, of Stephenville, William Pannill, of Houston, and J. A. Johnson, of Stephenville, for defendants in error.

LESLIE, Chief Justice.

This is the second appeal of this case. The original one was disposed of in an opinion by this court to be found in Cox v. Thurber Brick Co., 86 S.W.2d 849. The nature of this suit is substantially the same.

This is a suit on a paving certificate and to foreclose the lien against defendants J. A. Johnson and Jess Cox. The trial court sustained a general demurrer and certain special exceptions and on plaintiff's refusal to amend dismissed the suit. The plaintiff appeals.

Formerly the city council of Stephenville by resolution and ordinance ordered the paving of Devine Street and assessed a certain percentage of the cost thereof against the owners of abutting lots. Several years prior to the passage of the ordinance J. A. Johnson who owned all the south ½ of lot 1, block 49, same being more than 400 feet deep, cut it into four lots, numbering them subdivisions 1, 2, 3, and 4, and sold and conveyed subdivisions 1, 2, and 3 to T. C. Primrose who improved them. These subdivisions fronted Long Street. Subdivision 4, retained by Johnson, abutted on Devine Street, and was 112.1 feet by 168 feet. The ordinance assessed the cost of the paving against Johnson and against the property therein described, as follows: South ½ of lot 1, block 49, City Addition to the City of Stephenville, fronting 112.1 feet on the east side of Devine Street, and against J. A. Johnson, the owner. After the enactment of the ordinance Johnson sold subdivision 4 to defendant Jess Cox, who, as a part of the consideration therefor, agreed to pay for the paving in front of the same. At least, we so construe the allegations of plaintiff's first amended original petition which are to the tenor following:

"Plaintiff further shows to the court that after the passage of the ordinance assessing the cost of paving against the property herein mentioned and before the issuance of the above certificate herein sued on, that J. A. Johnson sold the property herein mentioned to the defendant, Jess Cox; that at the time such sale was made each of said defendants knew of the passage of said ordinance assessing the costs of paving against said property and they discuss-ed and took into consideration the costs of said paving and in the deed conveying said property to the defendant, Jess Cox, they recited a consideration of $5,000.00, but that in fact the said Jess Cox paid to the said J. A. Johnson only the sum of $3,-750.00, *and agreed verbally with the said J. A. Johnson to assume and pay the costs of paving for which the certificate herein sued on was issued;* that in compliance with his said agreement, the said Jess Cox actually paid one installment on the paving certificate herein sued on and that by his acts he ratified the action of the city council of the City of Stephenville in assessing a portion of the costs of paving against said property and by virtue of such ratification and by virtue of his agreement with the said J. A. Johnson to pay said assessment the said Jess Cox is now estopped from denying the validity of said assessment and lien securing same, but is bound and liable to pay plaintiff said sums and plaintiff is entitled to have its assessment lien foreclosed on said property."

(All italics in the opinion are ours.)

It is further alleged in said pleading:

" * * * that at said time the said J. A. Johnson did not own the whole of the south 1/2 of lot No. 1 in block No. 49, City Addition to the City of Stephenville, *but did own that portion of the lot* which abutted on said street and said portion of said lot was highly improved and was of a reasonable market value of $5,000 at said time and was 112.1 feet by 168 feet; that the said J. A. Johnson had sold off in three separate parcels a portion of said south 1/2 of said lot No. 1, which did not abut on Devine Street, and that the said J. A. Johnson had designated said portions as subdivisions 1, 2, and 3, of the south 1/2 of lot No. 1, *and had designated that portion of the south 1/2 of lot No. 1 as subdivision 4,* thereof, * * * *that the description in the paving certificate and in the ordinance levying the assessment for the paving having described said property as the south 1/2 of lot 1, block 49, City Addition fronting 112.1 feet on the east side of Devine Street and having named J. A. Johnson as the owner thereof is sufficient to identify the property covered by the paving lien and intended to be assessed by the city council because it limits the property to that portion of the lot mentioned which fronts 112.1 feet on the east side of Devine Street, and is owned by J. A. Johnson,* which portion of said lot is now designated by an official

map of the city of Stephenville, which map has been adopted since the passage of said ordinance as subdivision 4 of the south 1/2 of lot 1 in block 49, City Addition to the City of Stephenville, and plaintiff seeks to enforce its paving lien against said property, which said property is described as follows:" (Here follows a description of subdivision 4 by metes and bounds.)

These last allegations are the ones by which the plaintiff undertakes to give specific description and identification of said subdivision 4, emphasizing the fact that at the time of the enactment of the ordinance *that subdivision was owned by said Johnson* and that the *city council intended* at that time to fix the assessment against *subdivision 4* only.

On the former appeal this court held that a paving assessment against the entire south one half of the lot abutting on the paved street, including three lots not abutting on the street and not owned by the owner of the lot actually abutting on the street, against whom the assessment was made, was void in view of the apparent intention of the council to assess all of the property described; and that to sustain any assessment to the extent it could have been properly made against the abutting lot would have been in effect an assessment by the court; whereas, such assessments may only be made by the city council. This court in that opinion said: "Theoretically, there is a material relationship between the amount of an assessment upon a lot and the amount of benefits it is to receive from the improvements. This being so, it seems to us that in the assessment of the south half of lot 1, block 49, without reference to its four subdivisions, it must be presumed that the benefits to be received by the property were considered with reference to the whole property as a unit. If so, some of the benefits must have been referable to the three subdivisions of the lot which were in fact not owned by Johnson, and not assessable against him if they had been so owned because they were not abutting upon the street to be improved." 86 S.W.2d 851.

■ It will be observed that there are no allegations in the plaintiff's petition that the assessment ordinance within itself reflects any intention upon the part of the city council to levy the assessment against subdivision 4 only. In such case and under the circumstances alleged, we think that extraneous testimony is not admissible to show the intent of the governing body to confine said levy to such part of said property. In this view we employ the rule of construction stated in 43 C.J. p. 569, as follows: "As is the case with statutes, a fundamental rule for the construction of ordinances is to ascertain and give effect to the intention of the council; and if they are capable of a construction which will carry out the manifest purpose of the enactment such construction must be given them. This intent is the intent expressed in the ordinance, and not what might have been intended but which was not expressed thereby." For this reason we conclude there is, with respect to this phase of the case, no material difference in it and the one presented by the former appeal.

■ On that appeal we held, as stated, that the assessment involved in the suit was void and unenforceable. Cox v. Thurber Brick Co., 86 S.W.2d 849. Such is the nature and effect of the assessment reflected by the pleadings in this case. It necessarily follows that no lien was created against subdivision 4 of the south 1/2 of said lot.

■ Upon the authority of Uvalde Rock Asphalt Co. v. Warren, 127 Tex. 137, 91 S.W.2d 321, 104 A.L.R. 1043, we conclude that the plaintiff is not entitled to any personal judgment against said Johnson. That case is very similar to the instant one and in the opinion it is held [page 325]: "As the assessment was laid against the entire tract, when it should not have included the eastern portion, it cannot be said that the council would have made a similar assessment if only the homestead portion of the tract had been considered. There being no way of equitably proportioning the amount of the assessment, it must all be held invalid so far as creating a personal liability against Mrs. Warren is concerned. Cox v. Thurber Brick Co. (Tex.Civ.App.) 86 S.W. (2d) 849." The authority cited by the Commission of Appeals for this holding is the opinion of this court on the former appeal.

■ Further, the assessment being void from the beginning, and no lien having been thus created, it was unnecessary that Johnson appear at the hearing given by the city council to contest the assessment, or appeal from the order attempting to levy such void assessment.

Hence, as to Johnson the court did not err in sustaining the demurrers and dismissing the cause of action.

Under the allegations of the plaintiff's first amended original petition the situation is different as to defendant Cox. If it be a fact, which the demurrer admits, that he agreed with Johnson "to assume and pay the costs of the paving for which the certificate herein sued on was issued", then we think the plaintiff Brick Company is in a position to claim the benefits of such assumption. Rice-Stix Dry Goods Co. v. First Nat. Bank, Tex. Com.App., 231 S.W. 386; McMullan v. San Antonio Joint Stock Land Bank, Tex. Civ.App., 78 S.W.2d 669, writ refused; Wooten Motor Co. v. First Bank of Swenson, Tex.Com.App., 281 S.W. 196.

This would be in the nature of a contract made for the benefit of a third person who, under certain circumstances, is entitled to claim the benefits thereof. 10 Tex.Jur. p. 478, sec. 278 et seq.

In plaintiff in error's brief it states: "This portion of plaintiff's suit against the defendant Cox is not a suit against him on his agreement of assumption as a contract with the paving company, but is an allegation alleging only facts showing an estoppel."

In the Rice-Stix Dry Goods Company Case, supra, the facts disclose that the party seeking to establish, or take advantage of the invalidity of the lien did so under these circumstances, as stated in the opinion [page 387]: "* * * the facts enumerated show conclusively, as a matter of law, that the bank accepted the property subject to the lien, and with the knowledge that Gullidge recognized it as valid and existing. Therefore the taking of the property subject to the lien and with knowledge of Gullidge's recognition of its validity, operates as an estoppel upon the part of the bank to deny its validity. * * * Knowing at the time of the acceptance of the deed that Gullidge recognized the validity of the lien, and that he considered it as security for the debt, it was its duty, if it intended to treat the lien as invalid, to inform Gullidge of such intention. It ought not, by secret reservation and in defiance of its agreement to take subject to the record, to be permitted to deprive Gullidge of the value which the lien represented to him as security for the debt."

The opinion in Wooten Motor Co. v. First Bank of Swenson, supra, discussing the opinion from which the above excerpt is taken, said [page 197]: "The principle upon which the purchaser was held liable was denominated that of estoppel. It occurs to us the liability in such case is predicated more upon contract. For if a purchaser under such circumstances agrees that he holds subject to a prior lien, then he does so hold by virtue of his contract, and any and all persons interested·in such promise have a right to enforce it. It is precisely the same principle as if he had assumed the actual payment as a part of the purchase money. Any person interested in the assumption would be entitled to enforce it, as a contract."

But, we are not concerned in this opinion with any technical distinction between an estoppel and an agreement under such state of facts. The pleadings in the instant case clearly present an agreement by Cox to assume the paving debt. For the above reasons we think the court erred in sustaining the general demurrer as between the plaintiff and Cox and dismissing that phase of the case.

For the reasons assigned the judgment of the trial court dismissing plaintiff's suit against Johnson is affirmed, but as to Cox the judgment of the trial court is reversed and the cause remanded for trial on the facts.