**WESTERGREN et al. v. LEACH, Official Court Reporter.**

No. 10909.

Court of Civil Appeals of Texas. Galveston.

April 6, 1939.

C. E. McVey, of Houston, and W. P. McComb, of Conroe, for relators.

J. R. Hill and P. Harvey, both of Houston, for respondent.

GRAVES, Justice.

This is an original application to this court from relators, Mr. and Mrs. Westergren and J. Brantley, against C. L. Leach, as official court reporter for the 80th District Court of Harris County, wherein they prayed that he be compelled to furnish them a transcript of the testimony taken by him as such reporter on December 12, 1938, at a hearing in such court of a contest of relators' affidavit seeking to be permitted to appeal by a writ-of-error in cause No. 232867, styled W. F. Ludke et al. v. Mrs. Annie Westergren et al., which had theretofore been determined adversely to them, without their paying any part of the costs of appeal therein, or furnishing security therefor; they allege that that contest, as well as a prior one to the same effect, after a full hearing by such court of all the pleadings, arguments, and evidence tendered by both parties thereto, had been decided adversely to them in a judgment duly entered by the 80th District Court on that date, to-wit, December 12 of 1938.

██ After thus detailing the proceedings of which they complain, that is, the filing of the contest by the respondent and other officers of the court of their affidavit, a full hearing under evidence from both sides thereon, and the due rendition and filing as a part of the record, of the trial court's judgment and findings on the facts against them, they come here without any statement of facts, or showing otherwise as to what the evidence heard by the trial court upon the contest was; hence this court is left without any guide for determining whether or not there was any abuse by the lower court of its discretion. Clendenen v. Haynes, Tex.Civ.App., 45 S.W.2d 1015 (4-6).

In apparent lieu of accompanying their application here by such of the proceedings below as might enable this court to determine one way or the other as to whether any right of theirs had been denied them in the overruling of such contest, they refer this court to a like cause they had already instituted here in No. 10884, styled Mrs. Annie Westergren et al., Relators, v. Roy F. Campbell, Judge, et al., Respondents, in which they had sought the same relief, however, making the Judge and clerk of that court also respondents therein, along with this court reporter; they have not asked to withdraw the record in cause No. 10884 for the purpose of using it in this one, but, on the contrary, upon their own motion, have heretofore secured from this court a postponement of the submission of that cause to await prior action in this one.

██ Should that record be looked to, however, it in final sum merely shows that there was a substantial dispute in the testimony before that learned court as to the relators' ability to pay the costs of such an appeal in whole or in part, or to give security therefor, and that, as recited supra, after full hearings at two different times upon all such facts, the court upon stated findings determined such dispute against the relators.

That being the only showing made, even tentatively, upon the present application, it follows that no basis for a writ of mandamus from this court appears. Rutherford v. Vandygriff, Tex.Civ.App., 73 S.W. 2d 569, at page 570, and cited authorities.

In other words, under the authorities cited supra as applicable to the state of this record, no showing whatever is made to the effect that this court-reporter respondent was shown upon the facts to have been left with the ministerial duty of furnishing the requested transcript to the relators; therefore, no mandamus lay. Clendenen v. Haynes, Tex.Civ.App., 45 S.W.2d 1015, and authorities cited at page 1016.

Writ refused.

MONTEITH, C. J., disqualified and not sitting.