**WESTERGREN et al. v. CAMPBELL,**
District Judge, et al.

No. 10884.

Court of Civil Appeals of Texas. Galveston.
May 11, 1939.

W. P. McComb, of Conroe, and C. E. McVey, of Houston, for relators.

J. R. Hill and P. Harvey, both of Houston, for respondents.

GRAVES, Justice.

This is an original application to this court from Relators, Mr. and Mrs. Westergren and J. Brantley, against the officers of the 80th District Court of Harris County—Hon. Roy F. Campbell, Judge, J. W. Mills, Clerk, and C. L. Leach, official court reporter, as Respondents—wherein they pray for the issuance here of such necessary process and writs as will require such officers, each in his separate capacity, to furnish them such facilities as will enable Relators to prosecute an appeal to this court in cause No. 232,857, pending in such 80th District Court, styled W. F. Ludke et al. v. Mrs. Annie Westergren et al., without the payment of any part of the costs of such an appeal, or furnishing security therefor.

It is in this court a companion cause to another involving precisely the same issues, objective, and parties, except such court reporter alone was therein proceeded against, and relating to the same cause below—that is, No. 10,909, styled E. F. Westergren et al., Relators, v. C. L. Leach, Official Court Reporter, Respondent, 126 S.W.2d 1013, in which mandamus was refused by this court on April 6 of 1939.

In this instance a statement of facts, reflecting the evidence heard by the trial court in determining, on December 12 of 1938, after a full hearing of Relators' application there to be permitted to prosecute such appeal on paupers' oaths, that such permission should not be granted, has been filed as of April 27 of 1939, by written agreement between counsel for both sides.

As indicated, the only differences between this proceeding and the former one here, No. 10,909, are that such statement of facts accompanies the present record, and all three of the named court officers are parties-respondent, whereas in the other one, there was no such statement of facts, and the mandamus writ had been sought against the named court reporter alone.

In so refusing the writ before this court, in part, said [126 S.W.2d 1014]:

"In apparent lieu of accompanying their application here by such of the proceedings below as might enable this court to determine one way or the other as to whether any right of theirs had been denied them in the overruling of such contest, they refer this court to a like cause they had already instituted here in No. 10884, styled Mrs. Annie Westergren, et al., Relators, v. Roy F. Campbell, Judge, et al., Respondents, in which they had sought the same relief, however, making the Judge and clerk of that court also respondents therein, along with this court reporter. * * *

"Should that record be looked to, however, it in final sum merely shows that there was a substantial dispute in the testimony before that learned court as to .the relators' ability to pay the costs of such an appeal in whole or in part, or to give security therefor, and that, as recited supra, after full hearings at two different times upon all such facts, the court upon stated findings determined such dispute against the relators."

■ The present application will be refused also; in the first place, it undisputedly appears—indeed, is so alleged by Relators here—that they were accorded two separate hearings in the trial court on contests of their oaths of inability to pay or secure such costs, the first one on July 19 of 1938, the second on December 12, 1938, from the first of which refusals they did not in any manner appeal or seek to obtain relief in any court; since the identical parties, cause of action, and facts necessary to the relief sought, were precisely the same upon both such hearings below, the first determination adversely to them constituted an estoppel by a judgment against their seeking the

second one at the trial court's hands. Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Hanrick v. Gurley, 93 Tex. 458, 479, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330.

Irrespective of that consideration, however, in the second place, if the statement of facts reflecting the evidence heard below upon the second of these adversely-determined contests be looked to, it merely shows—as recited in the quotation from the former opinion in No. 10,909—"that there was a substantial dispute in the testimony before that learned court as to the Relators' inability to pay the costs of such an appeal in whole or in part, or to give security therefor"; the court below decided that dispute on such full showing of all testimony Relators offered tending to support their claims of such inability against them, and there is plenty of evidence to support such finding; indeed, instead of there having been an abuse of judicial discretion, the testimony was such as to have made any other result itself such an abuse.

■ In other words, without detailing the circumstances, the evidence showed that Relators owned and were operating for considerable revenue in rentals separated parts of a tract of land on Odin Avenue in the City of Houston, approximately 160 by 200 feet in the aggregate, and had for many years been enjoying such property and use, which were not in any sense of homestead-character, and out of which they could, on proper effort, have either paid or furnished security for the costs of appeal they so sought to be relieved from; the evidence was amply sufficient to sustain the trial court's implied finding that any original homestead-character that may have attached thereto had long since been removed from certain specific parts of this tract, by its segregation for such rental-purposes alone, hence its abandonment for homestead purposes had been fully accomplished; Atwood v. Guaranty Const. Co., Tex.Com. App., 63 S.W.2d 685; Uvalde Rock Asphalt Co. v. Warren, 127 Tex. 137, 91 S.W.2d 321, 104 A.L.R. 1043; Weinert v. Cooper, Tex.Civ.App., 107 S.W.2d 593; Lipscomb v. Adamson Lumber Co., Tex. Civ.App., 217 S.W. 228. And this is so, notwithstanding the Relators' testimony to the effect that they expected to return at some future time and occupy the premises as their homestead, because that detail,

in all the circumstances, merely raised an issue of fact on that feature which it was the exclusive province of the court to resolve from all the evidence.

In so far as Relator J. Brantley is concerned individually, the trial court found, on sufficient evidence, that he was merely an alter ego for Mr. and Mrs. Westergren, having himself no individual or beneficiary interest involved, and this finding also is fully supported.

Without further discussion, the coveted writs will be refused.

Mandamus refused.

MONTEITH, C. J., disqualified and not sitting.