### BROUSSARD et al. v. OLDHAM et al.

### No. 3564.

Court of Civil Appeals of Texas. Beaumont.

July 5, 1940.

Rehearing Denied July 24, 1940.

Lipscomb & Lipscomb, of Beaumont, for appellants.

M. L. Lefler, Geo. Murphy, E. B. Votaw, and Herbert Oldham, all of Beaumont, for appellees.

COMBS, Justice.

This is a suit on two paving certificates issued by the City of Beaumont to Broussard-Warfield Company, a corporation, on October 28, 1930, for paving on Cartwright Avenue, in the City of Beaumont. The certificates were later assigned to the Broussard Trust, of which the appellants, J. E. Broussard et al., are trustees. Appellee, Mrs. Mollie Oldham, was and is the owner in her own separate right of the property affected. The certificates purport to represent an assessment against her for a total debt of $1,040.57, and to secure same by paving liens on certain lots in Block 37 of the Cartwright Addition to the City of Beaumont. Mrs. Oldham's defense was that the assessment by the City of Beaumont was void and wholly insufficient to fix a lien on her property or any personal liability against her for the reason that prior to the time the assessment was made, she replatted Block 37 with the approval of the proper city officials, making important changes in the lots and the numbering thereof, and that as a consequence the assessment according to the Cartwright Plat was void.

The Cartwright plat of Block 37 according to which the assessment was made was as follows:

CARTWRIGHT ADDITION PLAT

Certificate No. 57 for $181.79 was assessed against Lot 7, and certificate No. 58 for $858.78 was assessed against Lots 8, 9, 10, 11, and 12, the two certificates thus covering the south half of the block from Cartwright Avenue north to the alley. Mrs. Oldham, owner of the entire block, replatted it nearly two years before the assessment was made or any proceedings begun therefor. Her plat of the block was as follows:

MOLLIE OLDHAM REPLAT OF BLOCK 37

CARTWRIGHT

This replat was dated October 10, 1928, and contained the following approval of the city authorities:

"This is a satisfactory arrangement and fits up with present streets as expected to conform with present conditions and future developments. Approved:

"City Engr.   R. C. Black
"Mayor        E. W. Gross
"Com.         Ross Combest
"Com.         J. Appling"

The plat was filed with the county clerk of Jefferson County, January 22, 1929, and recorded two days later in the plat records of the county. With the exception of describing the property according to the Cartwright plat instead of the Oldham replat, the proceedings for assessing Mrs. Oldham's property appear to have been in every respect regular and in accordance with the charter of the City of Beaumont. She had notice of the proceedings for assessing the property, but made no appearance to offer any protest. After the certificates were issued to the Broussard-Warfield Company, she made several payments of interest and installments of principal. In 1931 she obtained from the Broussard-Warfield Company a release of the paving lien as to Lot 7 and the W ½ of Lot 8 according to the Cartwright plat, she having sold the property. This suit was filed against Mrs. Oldham and her husband October 17, 1932, seeking judgment for balance alleged to be due on the two certificates, also for $150 attorney's fees, and foreclosure of paving lien on all of the property except the lot and one-half previously released. An answer and amended answer were filed by defendants pleading generally, and then on August 29, 1938, they filed their second amended answer wherein they raised for the first time the invalidity of the certificates. On a trial to the court the trial court entered judgment denying the plaintiffs any recovery. The trial court filed findings of fact and conclusions of law wherein he found that certificate No. 57 had been paid in full and the lien released, and also: "It is my further conclusion that the assessment under certificate No. 58 is invalid because of inclusion of property not abutting on Cartwright Avenue on which street the improvements were made, and because of imperfections of description resulting from failure to conform to the replatting of the Block 37. The assessment being invalid, the certificate No. 58 will not support the claim of lien asserted nor a claim of personal liability."

## Opinion

We think the assessment was sufficient to fix the personal liability of Mrs. Oldham and create a valid lien against the lots comprising the south half of Block 37 according to the Cartwright Addition plat. The assessment was not rendered void by reason of the fact that it was made according to the Cartwright plat instead of the Oldham plat. Mrs. Oldham owned all of the property involved. The assessment as made shows clearly what property was meant to be assessed. The reference to the Cartwright plat located it definitely. There is nothing to suggest that the assessment was not a just and fair apportionment of paving costs as between Mrs. Oldham's property and that of other owners similarly situated. Stipulation of the parties shows that a number of blocks facing on the north side of Cartwright Avenue were assessed for paving that street according to the Cartwright plat, each block being of the same size and having identical arrangement of lots as Mrs. Oldham's block. In replatting the block she did not dedicate any portion of the property to the city or the public, nor put the property or any part of it to any use prior to the assessment inconsistent

with the intrinsic fairness of an assessment of benefits based on the Cartwright plat. She made no protest when the assessment was made, but was apparently satisfied and thereafter made payments on the certificates. Even here she does not attempt to raise any question that her replat of the block so changed the situation of her property as to affect the intrinsic fairness and equity of the assessment.

■ But the appellees contend that the assessment as made was void because Lots 7, 8 and 9 named in the assessment faced upon Corley Avenue according to the replat which had already been made and could not be assessed at all because they did not abut on Cartwright Avenue for the paving of which the assessment was made. Also, according to the replat there is a Lot 13 and Lots 3, 4 and 5 which would be affected, but which were not named in the description incorporated in the assessment. In support of their contention that the assessment so made was void, the appellees cite the following cases. Cox v. Thurber Brick Company, Tex.Civ.App., 86 S.W.2d 849; Thurber Brick Company v. Johnson, Tex.Civ.App., 120 S.W.2d 839; Uvalde Rock Asphalt Company v. Warren, 127 Tex. 137, 91 S.W.2d 321, 104 A.L.R. 1043; El Paso Bitulithic Co. v. Neill, Tex. Civ.App., 266 S.W. 593. We think these cases are clearly distinguishable on the facts. It will be seen from a reading of the authorities cited that the assessments there under consideration included in the one unit of assessment property not owned by the person assessed or property which he did own but which because of its location was not assessable for the particular improvement. An assessment so made does not fix either a personal liability against the person assessed as owner or a lien against his property. The entire assessment is void. But such invalidity does not arise from an erroneous or imperfect description of the property. It is grounded upon the fact that the person sought to be charged has been assessed for purported benefits which were not lawfully chargeable to his property, of which fact the description contained in the assessment supplies conclusive evidence.

As remarked by Judge Funderburk in Cox v. Thurber Brick Company, Tex.Civ. App., 86 S.W.2d 849, 851, where property not belonging to the person assessed as owner had been included: "Theoretically, there is a material relationship between the amount of an assessment upon a lot and the amount of benefits it is to receive from the improvements. This being so, it seems to us that in the assessment of the south half of lot 1, block 49, without reference to its four subdivisions, it must be presumed that the benefits to be received by the property were considered with reference to the whole property as a unit. If so, some of the benefits must have been referable to the three subdivisions of the lot which were in fact not owned by Johnson, and not assessable against him if they had been so owned because they were not abutting upon the street to be improved. There can be no contention that the assessment was valid upon three of the four subdivisions. Had the assessment covered only subdivision 4, it would have been valid. The court cannot make the assessment. To do so would involve a consideration of the amount of benefits to be received not by the south half of lot 1, block 49, but only by subdivision 4 thereof, a matter that the city council has never considered or determined."

■ In the case before us, the city authorities intended to assess and did assess the south half of the block owned by Mrs. Oldham, facing on the paved street. They assessed it according to the benefits to be received by that specific property as delineated on the plat of the Cartwright Addition. Presumably every other property owner owning property in the Cartwright Addition which faced on the paved portion of that street, was assessed in exactly the same way. The city authorities were charged with the duty of assessing the costs of such paving fairly and equitably among the various property owners affected and in accordance with the benefits accruing to the property of each. It is to be presumed that they justly and fairly discharged their duty, especially in view of the fact that Mrs. Oldham offered no protest at the time the assessment was made. The assessment did not contain property not owned by Mrs. Oldham, nor did it contain property belonging to her which was not subject to assessment. And therefore, the present case is free of the vice that rendered the assessments void in the cited cases. The mere circumstance that prior to the assessment she had replatted the property and arranged the lots and lot numbers differently does not, standing alone, establish unfairness or inequity in the assessment as made. The assessment

of the property according to the Cartwright plat was a mere irregularity which in no-wise impeached the fairness of the determination of benefits accruing to Mrs. Oldham's property. City of Birmingham, Ala., v. Terrell, 229 Ala. 523, 158 So. 748; Uvalde Rock Asphalt Company v. Warren, 127 Tex. 137, 91 S.W.2d 321, 104 A.L.R. 1043; Thurber Brick Company v. Johnson, Tex.Civ.App., 120 S.W.2d 839; El Paso Bitulithic Co. v. Neill, Tex.Civ.App., 266 S.W. 593.

We agree with the comment of Judge Funderburk in Cox v. Thurber Brick Co., Tex.Civ.App., 86 S.W.2d 849, 851, where he observes: "It is not our view that all imperfect descriptions of property will render such assessments void. Had the city council intended to assess only the property upon which the assessment is now sought to be sustained; mere inaccuracies or imperfections in the description would not, we think, have rendered the assessment void." Had Mrs. Oldham desired the assessment to conform to her replat she should simply have presented the matter to the proper authorities at the proper time and had the correction made. She cannot at this late date avail herself of the matter to invalidate and thus extinguish obligations with which according to the record she is justly chargeable.

The appellant insists that the finding of the trial court to the effect that certificate No. 57 had been paid is without any support in the evidence. The controversy as to that point resolves itself into merely a contention of the appellees that the payment made at the time the lien was released on Lot 7 and the W ½ of 8 should have been credited entirely to certificate No. 57, thereby extinguishing it, while appellants credited the payment partly to both certificates. It seems to us the point is immaterial in practical result. According to appellants' contention, there is still unpaid on certificate No. 57 $107.09, with interest from October 31, 1930, and a balance on certificate No. 58 of $598.64, with interest thereon from October 28, 1930, making a total of $705.73, while under the court's findings the balance unpaid on certificate No. 58 is $707.73, two dollars. more than appellants claim, with interest thereon from October 28, 1931. As the assessment was sufficient to fix the personal liability of Mrs. Oldham for the unpaid balance, and attach a paving lien to her property, appellants' debt is as well secured if all due on certificate No. 58, as it would be if the debt were charged partly to each of the two certificates. In either case the debt is secured by a lien on the same property.

The judgment of the trial court is reversed and judgment here rendered for appellants for their debt in the amount of $705.73, with interest thereon at 7% per annum from October 28, 1931; and for $150 attorney's fee, which it is stipulated is reasonable, and for foreclosure of lien on the E ½ of Lot 8, and all of Lots 9, 10, 11 and 12 of Block 37, according to plat of the Cartwright Addition to the City of Beaumont.

Reversed and rendered.