195 So.2d 401 (1967)
PARISH OF JEFFERSON
v.
Mr. and Mrs. Ernest CARL.
No. 2503.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1967.
Rehearing Denied March 6, 1967.
*402 Louis DeSonier, Jr., Metairie, Robert H. Fray, Gretna, for plaintiff-appellee.
Simon, Wicker & Wiedemann, Lawrence D. Wiedemann, New Orleans, for defendants-appellants.
Before REGAN, CHASEZ, and JANVIER, JJ.
JANVIER, Judge.
This is an injunction suit brought by the Parish of Jefferson against Mr. and Mrs. Ernest Carl to prevent alleged violations of a comprehensive zoning ordinance of the Parish. It was agreed that the applications for the preliminary injunction and for the permanent injunction should be heard together. The permanent injunction was granted and the matter came before us on devolutive appeal by Mr. and Mrs. Carl.
The property of the defendants, in which they conduct their operations of a kindergarten, nursery or play school, is located in a zone designated as Single Family Residential District R-1. In that area there may be conducted only such operations as are specifically designated and among those operations there is not included a kindergarten, play school or child care service, although it is permitted that in that area there may be operated "public schools, and educational institutions having a curriculum the same as that ordinarily given in public schools."
In the area designated as Multiple Family Residential District R-3 there may be operated:
"Nursery Schools, pre-schools and kindergartens, privately operated must provide a minimum play area of two hundred (200) square feet for each child and such play area must be enclosed to a height of not less than four (4) feet, not more than six (6) feet."
The respondents maintain that their school, if it may be so designated, is within the contemplation of R-1 in that they operate a school which maintains the curriculum of the State Educational Department.
The evidence does not so indicate. It is made very clear by their own evidence that their operation is within the contemplation of R-3 and is in no sense within the contemplation of R-1 in which their property is located.
If the ordinance did not contemplate two distinctly different operations, one of a kindergarten and the other of a school with a recognized curriculum, it might have been reasonable to interpret the greater as including the lesser. But under the facts shown here, it is obvious that the operations of Mr. and Mrs. Carl are definitely within the contemplation of R-3 and not within the contemplation of R-1.
On behalf of respondent it is stated, though we have no evidence to that effect, that in the Parish of Orleans and possibly in certain other parishes, kindergartens or nursery schools are permitted in zones where schools with regular curricula are permitted, but in each such case the kindergarten is conducted as a part of the school with the curriculum. That is not the situation here. We conclude that the operations of Mr. and Mrs. Carl are clearly violative of the zoning provisions referred to.
In addition, it is shown that the sign on their property is clearly violative of the provisions of the zoning ordinance.
The judgment appealed from is affirmed at the cost of appellants.
Judgment affirmed.