William H. HEARD et ux., Appellants,

v.

CITY OF DALLAS, Appellee.

No. 17466.

Court of Civil Appeals of Texas, Dallas.

May 22, 1970.

Rehearing Denied June 19, 1970.

Stewart Frazer, Newman, Moore, Peterson & Frazer, Dallas, for appellants.

N. Alex Bickley, City Atty., Ted P. MacMaster, Asst. City Atty., Dallas, for appellee.

BATEMAN, Justice.

The appellee City of Dallas obtained a permanent injunction against the appellants William H. Heard and wife enjoining them from violating the City's Comprehensive Zoning Ordinance.

The property in question is a two-story single-family dwelling located in a zone designated as "R-10 Single-Family Dwelling District 10,000 square feet." Property in that area may also be used as a "Church or Rectory" or as a "School, Public or Denominational" without the necessity of a Special Use Permit. Such property may not be used as a "Day Nursery or Kindergarten" except under a Special Use Permit. The said three uses are defined in the ordinance as follows:

"(28) *Church or Rectory:* The place of worship and religious training of recognized religions including the on site housing of ministers, priests, rabbis, nuns and similar staff personnel."

"(40) *School, Public or Denominational:* A school and customary accessory uses under the sponsorship of a public or religious agency having a curriculum generally equivalent to public, elementary or secondary schools, but not including private, trade or commercial schools."

"(31) *Day Nursery or Kindergarten:* An establishment where four (4) or more children are left for care or training during the day or a portion thereof."

There was no jury, and the trial court filed findings of fact and conclusions of law. He found as facts that beginning September 1, 1969 appellants operated on the property in question a Day Nursery or Kindergarten School without applying for a Special Use Permit, without securing a permit from the City Health Department "to operate said child care facility as required by Ordinance", and without securing a Certificate of Occupancy from the City Building Inspector as required by said Ordinance. The trial court concluded that the operation was in violation of the Ordinance.

Appellants contend under their first and second points of error that they were not in violation of the zoning ordinance and should not have been enjoined because the property was being used as a rectory and as a denominational school, either of which uses is lawful without a Special Use Permit.

The appellant Heard is the Vicar of the Good Samaritan Episcopal Church and he and his wife own and reside in the property in question. On July 15, 1969 Heard made formal application for a Certificate of Occupancy to use the premises as a "Church school class, operation of the Episcopal Church of the Good Samaritan, teaching curricula equivalent to public elementary school." On the same date he wrote a letter to the Building Inspector describing the proposed operation, in which he said it would consist of one class of twelve students only, ages 2½ through 5½, "as the pilot class for a school extending through twelve grades." In this letter he said the school would operate during three morning hours of five days a week and that the class would be "characterized by the best standards of early childhood education, in contrast to institutions that provide care for the children of working mothers throughout the normal working day", that the curriculum would include "religious instruction, reading, writing, mathematics, science, social studies, classical and contemporary literature, Spanish, music, art, and perceptual skills," adding that divine worship services would be held each day. On August 4, 1969 Heard made application to the City's Health Department for a permit to operate what he describes as a "child care facility (kindergarten)." He was then informed that this application could not be approved until he applied for a Specific Use Permit pursuant to the zoning ordinance and secured City Council approval for the "child care facility inasmuch as the property involved herein is not presently zoned to permit such

use," and that certain other requirements, pertaining to fire and health protection, would have to be met. Appellants did not see fit to apply for the Specific Use Permit or to meet any of the other requirements.

This being a nonjury case, the trial court was the judge of the credibility of the witnesses and the weight to be given their testimony, and the trial court's findings of fact are entitled to the same weight and conclusiveness on appeal as a jury verdict. Redman v. Bennett, 401 S.W.2d 891, 895 (Tex.Civ.App., Tyler 1966, no writ). It is also the rule that the trial court's findings of fact must be upheld unless manifestly erroneous; they will be overruled only when there is no evidence of probative value to support them, or where they are so against the great weight and preponderance of the evidence as to be manifestly wrong; and in testing the sufficiency of the evidence to determine whether it will support the trial court's findings we must give credence only to the evidence and circumstances favorable to the findings, disregarding all evidence and circumstances to the contrary. Kolbo v. Blair, 379 S.W.2d 125, 130 (Tex.Civ.App., Corpus Christi 1964, writ ref'd n.r.e.); Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

Moreover, the findings of fact and the conclusions of law will be construed together; and if the findings of fact are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it. Brown v. Frontier Theatres, Inc., 369 S. W.2d 299, 301 (Tex.1963).

Appellants do not specifically attack the trial court's finding that they used the property for the operation of a Day Nursery or Kindergarten. There was ample evidence to support the finding, and it must therefore be upheld. The trial court made no specific findings with reference to whether the operation was that of a rectory or a denominational school, and appellants made no request for additional or amended findings pursuant to Rule 298, Vernon's Texas Rules of Civil Procedure.

The definitions of uses in the ordinance, it is noted, say nothing about the ages of the children contemplated, and to that extent the ordinance may be said to be ambiguous. The definition of "School, Public or Denominational", however, does require such a school to have "a curriculum generally equivalent to public, elementary or secondary schools." The City argues that this necessarily refers to children who are at least six years of age at the beginning of the school term. That is the minimum age limit under the rule of the Dallas Independent School District pursuant to the statute.[1] On the other hand, appellants argue, and introduced evidence to the effect, that the schooling of children may and should begin at an earlier age and that, in fact, the Dallas Independent School District has inaugurated an experimental kindergarten program in 17 of its 133 elementary schools in which preschool training is offered. The City points out, however, that even in those experimental kindergartens the child must be at least five years and eight months of age to be eligible; that the public schools offer no curriculum for children younger than that.

Certain well settled rules of construction should here be noticed. "The same rules of construction apply to municipal ordinances as apply to statutes." Reed v. City of Waco, 223 S.W.2d 247, 254 (Tex.Civ.App., Waco 1949, writ ref'd). The courts tend to adopt the construction placed upon statutes and ordinances by those authorized to administer the same.

---

1. Vernon's Ann.Civ.St., Art. 2902 provided that all children over six years of age and under eighteen shall be included in the scholastic census; and upon repeal of that statute, effective September 1, 1969, the same provision was carried forward in Section 14.01 of the new Texas Education Code. Acts of 1969, 61st Leg., p. 2735, 2794, ch. 889.

State ex rel. Richmond Plaza Civic Ass'n v. City of Houston, 270 S.W.2d 235, 238 (Tex.Civ.App., Galveston 1954, writ ref'd n.r.e.); 53 Tex.Jur.2d, Statutes, § 177, p. 259. It is also held that if the meaning of a statute be doubtful or ambiguous, the construction placed upon it by the agency charged with its administration is entitled to weight. Calvert v. Kadane, 427 S.W.2d 605, 608 (Tex.1968). Such construction has even been said to be entitled to "great weight". Tarry Moving & Storage Co. v. Railroad Commission, 359 S.W.2d 62, 67 (Tex.Civ.App., Austin 1962, affirmed 367 S.W.2d 322). See also Slocomb v. Cameron Independent School District, 116 Tex. 288, 288 S.W. 1064, 1066 (1926). Of course, the paramount rule of construction is to ascertain the intention of the legislative body. El Paso Electric Co. v. Safeway Stores, 257 S.W.2d 502, 506 (Tex. Civ.App., El Paso 1953, writ ref'd n.r.e.). The meaning of a provision in an ordinance should be determined by the object sought to be accomplished, People ex rel. Sackmann v. Keechler, 194 Ill. 235, 62 N. E. 525, 527 (1901), cited with approval in City of Wink v. Wink Gas Co., 115 S.W.2d 973, 978 (Tex.Civ.App., El Paso 1938, writ ref'd), and if it is capable of a construction which will accomplish its manifest purpose such construction must be given it. Thurber Brick Co. v. Johnson, 120 S.W.2d 839, 841 (Tex.Civ.App., Eastland 1938, writ dism'd).

The trial court's disposition of the case was in harmony with those principles and with the construction of the ordinance given by the Director of Planning and Zoning of the City of Dallas and by the officials and employees of the Dallas Independent School District charged with the administration of the City's public schools. We cannot say that this disposition was erroneous. Parish of Jefferson v. Carl (La.Ct. of App.1967), 195 So.2d 401.

Appellants' contention that the operation in question constituted "worship and religious training" in a rectory is also overruled. The building in question was and is the residence of appellants, situated in a district zoned for single-family dwellings and several blocks away from the church. The definition of "Church or Rectory" contained in the ordinance, in our opinion, means that churches in the usual and traditional sense may be erected and used in single-family zones and that homes for the church officials and employees, situated on the same premises with the church, may also be used as such in such a district. We cannot uphold appellants' contention that they may lawfully conduct what to most minds would clearly be a day nursery or kindergarten and avoid the regulatory provisions of the ordinance by showing that in such nursery or kindergarten religious worship and training are conducted.

Accordingly, appellants' first and second points of error are overruled.

In their third point of error appellants contend that the City is barred by the United States and Texas Constitutions from regulating their activities under this ordinance in the absence of any allegation or proof of a threat to public health, safety or welfare. Appellants recognize that their constitutional rights to own and use property and to freedom of religion are subject to the reasonable exercise of the police power of the state and its political subdivisions to safeguard the public health, safety and welfare,[2] but take the position that the burden was on the City to allege and prove that their use of their property constituted a threat to public health, safety or welfare.

The opposite is the rule, for such an ordinance, "duly adopted pursuant to Arts. 1011a–1011k, is presumed to be valid, and

---

2. State v. Richards, 157 Tex. 166, 301 S.W.2d 597, 600 (1957); State ex rel. Pan American Production Company v. Texas City, 295 S.W.2d 697, 704 (Tex.Civ.App., Galveston 1956, affirmed 157 Tex. 450, 303 S.W.2d 780); City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S.W. 303 (1918); and Jacobson v. Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643 (1905).

the burden is on one seeking to prevent its enforcement, whether generally or as to particular property, to prove that the ordinance is arbitrary or unreasonable in that it bears no substantial relationship to the health, safety, morals or general welfare of the community." City of Fort Worth v. Johnson, 388 S.W.2d 400, 402 (Tex.1964).

The third point of error is overruled.

Appellants' fourth and fifth points of error relate to procedural matters. We have carefully examined the record and appellants' brief arguments under these points and are of the opinion that no error was committed; certainly no reversible error. Rule 434, T.R.C.P.

All of appellants' points of error are overruled and the judgment appealed from is affirmed.

CLAUDE WILLIAMS, J., not sitting.

## ON APPELLANTS' MOTION FOR REHEARING

BATEMAN, Justice.

In their motion for rehearing appellants take us to task for stating in the eighth paragraph of the above opinion that appellants made no request for additional or amended findings pursuant to Rule 298, T. R.C.P. A clarifying statement is in order.

 In a supplemental transcript we find what is designated as a "request for Additional Findings and Conclusions of Fact and Law," as follows:

"Now comes Defendants in the above-named and referenced cause, and hereby file their Request for the Trial Court to state in writing additional conclusions of fact found by the Court separately from the conclusions of law as to the constitutional issues raised in Paragraph 6 of Defendants' First Amended Original Answer."

The pertinent part of Rule 298, T.R.C.P., is in the first sentence thereof, as follows:

"After the judge so files original findings of fact and conclusions of law, either party may, within five days, request of him *specified* further, additional, or amended findings; * * *." (Italics ours.)

The so-called request for additional findings and conclusions does not in our opinion comply with Rule 298, for as said by Judge Critz in Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117, 120 (1944), "Rule 298 contemplates that the request for further additional or amended findings * * * shall specify the further additional or amended findings that the party making the request desires the trial court to make and file." Therefore, we think the trial court correctly overruled the request for such additional findings and, in fact, appellants do not complain of that action of the court.

The motion for rehearing is overruled.

CLAUDE WILLIAMS, J., not sitting.