Sheila Anne CARTER, Appellant,

v.

GULF OIL CORPORATION, Appellee.

No. 09 85 022 CV

Court of Appeals of Texas, Beaumont.

Sept. 26, 1985.

Rehearing Denied Oct. 30, 1985.

James W. Mehaffy, Jr., Beaumont, for appellant.

Janet L. Lachman, Houston, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of a motion for summary judgment.

Sheila Anne Carter brought suit against Gulf Oil Corporation under Title 8 of the *TEX.HUM.RES.CODE ANN.* (Vernon 1980). She alleged, among other things, that she was a "handicapped person" within the meaning of *sec. 121.002(4)*, that Gulf Oil was an employer within *sec. 121.003(f)*, that Gulf Oil had violated *sec. 121.003* and thus she was entitled to relief under *sec. 121.004*. Suit was brought in February 1982, alleging the violation had occurred in October, 1980.

The parties entered into joint stipulated facts for the purpose of the Amended Motion for Summary Judgment. These were:

1. In October, 1980, the Plaintiff Sheila Carter Redmon, applied for employment as a Maintenance Helper or Laborer at the Port Arthur Refinery ("the Refinery") of Gulf Oil Corporation. ("Gulf")

2. At the time of her application, the Plaintiff underwent a physical examination during which her vision was tested by the Medical Staff at the Refinery.

3. "Normal" visual acuity is 20/20. An eye with 20/40 acuity sees objects at twenty feet as the "normal" eye sees them at forty feet. An eye with 20/60 acuity sees objects at twenty feet as clearly as the normal eye sees them at sixty feet. Acuity refers to the sharpness of the visual image received by the eye.

4. At the time of her application and physical examination, the Plaintiff's uncorrected distance vision was 20/33 in the right eye and 20/400 in the left eye. Her distance vision was correctable to 20/18 in the right eye and 20/60 in the left eye.

5. The visual acuity of Plaintiff left eye cannot be corrected to 20/20 because of a condition called amblyopia ex anopsia, resulting from astigmatism that was not corrected during her young developmental years.

6. "Stereopsis" is the ability to judge relative distance by use of binocular vision. It is a significant factor in the perception of depth.

7. The Plaintiff's stereopsis is not zero, but is extremely limited.

8. It is presently possible to correct the vision in Plaintiff's left eye to almost 20/40. It is not presently possible to increase her stereopsis.

9. The Plaintiff was disqualified from further consideration for employment as a Maintenance Helper or Laborer solely because of her vision. Had she met the visual standards, for purposes of the present Motion for Summary Judgment, she would have been hired.

10. The Plaintiff never applied at Gulf for any position other than that of Maintenance Helper or Laborer.

11. At the time of Plaintiff's rejection for employment, Gulf's minimum standard visual requirements were 20/200 or better in both eyes without correction, correctable to at least 20/30 in one eye and 20/40 in the other.

12. The Plaintiff's visual condition does not require special ambulatory devices or special services.

The original motion for summary judgment stated in pertinent part: "The grounds for the motion are that Plaintiff is not a 'handicapped person' as defined in V.A.C.S. 121.002 which is the basis of this lawsuit." The motion was then amended to read in pertinent part: "The sole grounds for the motion are that Plaintiff is not a 'handicapped person' as defined in

Vernon's Ann.Civ.St. Art. 5221k, Sec. 2.01(7)(A) [formerly Section 121.002(4), Human Resources Code], which is the basis of this lawsuit."

The order of the trial court states in pertinent part: "ORDERED, ADJUDGED AND DECREED that Judgment be entered for and on behalf of Gulf Oil Corporation holding that Gulf Oil Corporation owes no duty to Plaintiff general or special, legal or equitable, because she is not a 'handicapped person' within the meaning of Vernon's Ann.Civ.St. Art. 5221k, Sec. 2.01(7)(A) [formerly Section 121.002(4), Human Resources Code]."

Both parties, urge this court to adopt a "judicial" definition of "handicapped person". In excellent briefs they have provided this court with extensive precedents from both the federal system and other states. They obviously feel a judicial definition is necessary because they believe the definition provided by the legislature is a "circular" one. This is to say, a word is defined using the same word.

*TEX.REV.CIV.STAT.ANN. Art. 5221k, sec. 2.01(7)(A)* Vernon Pamp.Supp.1985) states:

"'Handicapped person' means a person who has a mental or physical handicap, including mental retardation, hardness of hearing, deafness, speech impairment, visual handicap, being crippled, or any other health impairment that requires special ambulatory devices or services, as defined in Section 121.002(4), Human Resources Code, but does not include a person because he is addicted to any drug or illegal or federally controlled substances or because he is addicted to the use of alcohol."

Included herein is a reference to *TEX. HUM.RES.CODE ANN. sec. 121.002(4)* (Vernon 1980) which states:

"'Handicapped person' means a person who has a mental or physical handicap, including mental retardation, hardness of hearing, deafness, speech impairment, visual handicap, being crippled, or any other health impairment which requires special ambulatory devices or services."

Thus we find a "handicapped person" defined as a person who has a "handicap" to include a "visual handicap".

Looking further to determine a definition of "handicap" we find *Sec. 2.01(7)(B)* of *Art. 5221k* which states:

"'Handicap' means a condition either mental or physical that includes mental retardation, hardness of hearing, deafness, speech impairment, visual handicap, being crippled or any other health impairment that requires special ambulatory devices or services, as defined in Section 121.002(4), Human Resources Code, but does not include a condition of addiction to any drug or illegal or federally controlled substances or a condition of addiction to the use of alcohol."

Here once again, we have the phrase "handicap" defined using "visual handicap" getting us no closer to a definition. Recognizing this, Gulf Oil, urges us to look to *TEX.EDUC.CODE ANN. sec. 21.503(b)(4)* (Vernon Supp.1985) which states:

"'Visually handicapped students' means students whose sight is so impaired that they cannot be adequately or safely educated in the regular classes of the public schools without the provision of special services."

Urging this court to adopt this definition of "visual handicap" is consistent with a narrow construction theory.

We believe, however, in a case of this type, one need look no further than *Art. 5221k* itself to find logical, workable legislative scheme. To do so, we must examine ARTICLE 5 of the statute. It is titled "Discrimination in Employment". *Sec. 5.01* states, in pertinent part:

"It is an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge an individual or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment because of race, color, handicap, religion, sex, national origin, or age; or...."

This section replaced *Sec. 121.003(f)*, (TEX. HUM.RES.CODE) which was repealed by Acts 1983, 68th Leg., 1st C.S., p. 57, ch. 7, sec. 10.03(c), eff. Sept. 23, 1983 and stated:

"An employer who conducts business in this state may not discriminate in his or her employment practices against a handicapped person on the basis of the handicap if the person's ability to perform the task required by a job is not impaired by the handicap and the person is otherwise qualified for the job."

Thus the old statute required a determination of whether or not the plaintiff was a "handicapped person". The new statute does not so require. It only requires a determination of whether or not an employer failed or refused to hire an individual "because of handicap". *See sec. 5.01, supra.*

*Sec. 1.04(b)* aids us in this regard when it states:

"In Article 5, 'because of handicap' or 'on the basis of handicap' refers to discrimination because of or on the basis of a physical or mental condition that does not impair an individual's ability to reasonably perform a job."

When reading this in conjunction with *Sec. 5.07(a)(1)* which states:

"Notwithstanding any other provision of this article, it is not an unlawful employment practice:

(1) for an employer to hire and to employ employees, for an employment agency to classify or refer for employment an individual, for a labor organization to classify its members or to classify or refer for employment an individual, or for an employer, labor organization, or joint labor-management committee controlling an apprenticeship, on-the-job, or other training or retraining program to admit or employ an individual in its program, on the basis of handicap, religion, sex, national origin, or age, if handicap, religion, sex, national origin, or age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business or enterprise...."

and *Sec. 2.01(1)* which states:

"(1) 'Bona fide occupational qualification' means a qualification:

(A) that is reasonably related to the satisfactory performance of the duties of a job; and

(B) for which there is a factual basis for believing that a person of the excluded group would be unable to perform satisfactorily the duties of the job with safety or efficiency."

it is apparent to us that no judicially carved definition is required. The legislature intended for employers to set only those physical qualifications for jobs which are reasonably related to the satisfactory performance of the duties of the job. If an employer sets a physical qualification that meets this test, then it is not a discrimination because of handicap. This must be determined on a case by case basis. We can not say, as a matter of law, that the visual requirement of Gulf Oil is within this definition. It being a fact issue, the decision granting the summary judgment must be reversed and the cause remanded for trial.

REVERSED AND REMANDED.