

# THE ATTORNEY GENERAL
## OF TEXAS

March 19, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Bill Hale
Executive Director
Texas Commission on
   Human Rights
P. O. Box 13493
Austin, Texas   78711

Opinion No. JM-648

Re: Certain mental or physical handicaps as providing standing to file a complaint alleging employment discrimination with the Texas Commission on Human Rights

Dear Mr. Hale:

You request clarification of the mental or physical handicaps which provide standing to a person to file a complaint alleging employment discrimination under the Texas Commission on Human Rights Act, codified as article 5221k, V.T.C.S.

A person claiming to be aggrieved by an unlawful employment practice may file a complaint with the commission. Art. 5221k, §6.01(a). Article V of the act prohibits specific employment practices that discriminate against an individual on the basis of race, color, handicap, religion, sex, national origin, or age. Section 2.01(7) of the act provides:

> (7)(A) 'Handicapped person' means a person who has a mental or physical handicap, <u>including</u> mental retardation, hardness of hearing, deafness, speech impairment, visual handicap, being crippled, or any other health impairment that requires special ambulatory devices or services, as defined in Section 121.002(4), Human Resources Code, but does not include a person because he is addicted to any drug or illegal or federally controlled substances or because he is addicted to the use of alcohol.

> (B) 'Handicap' means a condition either mental or physical <u>that includes</u> mental retardation, hardness of hearing, deafness, speech impairment, visual handicap, being crippled, or any other health impairment that requires special ambulatory devices or services, as defined in Section 121.002(4), Human Resources Code, but does not

> include a condition of addiction to any drug or
> illegal or federally controlled substances or a
> condition of addiction to the use of alcohol.
> (Emphasis added).

V.T.C.S. art. 5221k, §2.01(7).

For purposes of determining standing to file a complaint alleging employment discrimination under the Commission on Human Rights Act, the commission has not interpreted a handicap to be limited to the mental and physical conditions expressly enumerated in section 2.01(7) of the act. The commission interprets a mental or physical handicapping condition as a permanent condition which may or may not be controlled by medication or a corrective device and which may or may not impair a person's ability to perform a particular job. Under the commission's interpretation, a number of mental and physical conditions, including chronic illnesses and diseases, may be covered under the act for purposes of a person having standing to file a complaint. We agree with the commission's interpretation.

The dominant consideration in construing a statute is the legislative intent. Minton v. Frank, 545 S.W.2d 442, 445 (Tex. 1976); Calvert v. British-American Oil Producing Co., 397 S.W.2d 839, 842 (Tex. 1965). The intention of the legislature should be ascertained from the entire act and not from isolated portions of the act. City of Houston v. Morgan Guaranty International Bank, 666 S.W.2d 524, 529 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.). Section 1.03 of article 5221k provides that the act "shall be construed according to the fair import of its terms."

The usual meaning of the words "including" and "include" implies an incomplete listing. In Republic Insurance Co. v. Silverton Elevators, Inc., 493 S.W.2d 748, 752 (Tex. 1973), the Supreme Court of Texas referred to the "well settled rule that the words 'include,' 'including,' and 'shall include' are generally employed as terms of enlargement rather than limitation or restriction." In Peerless Carbon Black Co. v. Sheppard, 113 S.W.2d 996, 997 (Tex. Civ. App. - Austin 1938, writ ref'd), the court said:

> The words 'includes' and 'including' are regarded
> by the authorities as being identical or equi-
> valent to each other; and the authorities
> uniformly hold that unless the context in which
> such words are used requires, they are never
> regarded as being identical with or equivalent to
> 'mean and include,' nor with such less elastic
> words and terms as 'meant,' 'meaning,' or 'by
> which is meant'. . . . [W]hile the word 'in-
> cluding' is susceptible of different shades of

> meaning, 'it is generally employed as a term of enlargement and not a term of limitation, or of enumeration'. . . . In consequence, it follows that the use of the word 'includes' . . . instead of some less elastic word or term, such as 'meaning,' 'meant,' or 'by which is meant,' would seem clearly to imply that the Legislature did not intend to use the word 'includes' as one of limitation or of enumeration, but rather of enlargement, or as illustrative of those intended to be included within the taxing act.

See also Pierce v. Peters, 599 S.W.2d 849, 851 (Tex. Civ. App. - San Antonio 1980, no writ).

It is our opinion that the legislature does not intend a different meaning by the use of "including" in the definition of "handicapped person" and the use of "that includes" in the definition of "handicap." In both definitions, the legislature incorporated the definition used in section 121.002(4) of the Human Resources Code, which states that

> '[h]andicapped person' means a person who has a mental or physical handicap, including mental retardation, hardness of hearing, deafness, speech impairment, visual handicap, being crippled, or any other health impairment which requires special ambulatory devices or services.

Further, the legislature amended both definitions in committee to except from the definitions of "handicapped person" and "handicap" a person addicted to and a condition of addiction to any drug or illegal or federally controlled substance or addiction to the use of alcohol. In State v. Richards, 301 S.W.2d 597, 600 (Tex. 1957), the Texas Supreme Court stated that "[i]t is a familiar rule of statutory construction that an exception makes plain the intent that the statute should apply in all cases not excepted." See also Providence Hospital v. Truly, 611 S.W.2d 127, 133 (Tex. Civ. App. - Waco 1980, writ dism'd). Since the legislature specifically excepted addiction to drugs, controlled substances, and alcohol, it follows that other conditions are intended to be included in the definitions of "handicapped person" and "handicap."

The construction of a statute by the state agency charged with its administration is entitled to great weight. Heard v. City of Dallas, 456 S.W.2d 440, 444 (Tex. Civ. App. - Dallas 1970, writ ref'd n.r.e.); Armco Steel Corporation v. Texas Employment Commission, 386 S.W.2d 894 (Tex. Civ. App. - Austin 1965, writ ref'd n.r.e.). We conclude that the commission's interpretation of the list

of conditions in section 2.01(7) of article 5221k as a partial list of the conditions covered by the Commission on Human Rights Act is proper.

You also inquire whether the commission properly interprets the Commission on Human Rights Act to allow consideration of complaints made by persons who may be discriminated against because employers perceive them to be handicapped. Under the commission's interpretation, discrimination by an employer based on a perception that the person is handicapped would be actionable under the act regardless of whether the person actually is handicapped. It is our opinion that such an interpretation is warranted by the act.

Prior to September, 1983, section 121.003(f) of the Human Resources Code provided that

> [a]n employer who conducts business in this state may not discriminate in his or her employment practices against a handicapped person on the basis of the handicap if the person's ability to perform the task required by a job is not impaired by the handicap and the person is otherwise qualified for the job. (Emphasis added).

Section 121.003(f) was repealed in 1983 and replaced by the Commission on Human Rights Act, which prohibits employers, employment agencies, and labor organizations from discriminating against "an individual . . . because of race, color, handicap, religion, sex, national origin, or age." See V.T.C.S. art. 5221k, §§5.01, 5.02, 5.03. Section 1.04(b) of the act states:

> (b) In Article 5, 'because of handicap' or 'on the basis of handicap' refers to discrimination because of or on the basis of a physical or mental condition that does not impair an individual's ability to reasonably perform a job. (Emphasis added).

To construe the Commission on Human Rights Act to deny standing to individuals discriminated against on the basis of an employer-perceived handicap because the person actually is not handicapped would disregard the plain language of the act. In Carter v. Gulf Oil Corp., 699 S.W.2d 907, 910 (Tex. App. - Beaumont 1985, no writ), the court stated:

> Thus the old statute [Sec. 121.003(f), Human Resources Code] required a determination of whether or not the plaintiff was a 'handicapped person.' The new statute [Art. 5221k, V.T.C.S.]

does not so require. It only requires a deter-
mination of whether or not an employer failed
or refused to hire an individual 'because of
handicap.'

We conclude that the commission's interpretation, which grants
standing to file complaints to individuals discriminated against on
the basis of an employer-perceived handicap, is consistent with the
language of the act, even if the person actually does not have a
handicap. See generally Lunsford v. City of Bryan, 297 S.W.2d 115
(Tex. 1957) (employer discharging employee because he thinks employee
is a member of a labor organization, even when that assumption is
incorrect, constitutes discrimination).[1]

Your opinion request specifically refers to persons suffering
from AIDS as being covered by the act. In School Board of Nassau
County v. Arline, No. 85-1277 (U.S. March 3, 1987), the United States
Supreme Court held that, under a comparable federal law, a person
suffering from a physical impairment which substantially limited "one
or more of her major life activities" could not be excluded from
coverage under the federal act which protects the rights of the
handicapped, 29 U.S.C. §794, merely because the impairment was also
contagious -- in that case tuberculosis. The Court concluded,
however, that discrimination against sufferers of contagious disease
may not constitute unlawful discrimination if the persons are not
"otherwise qualified" for the job because of an unreasonable risk of
contagion, based upon the reasonable medical judgment of public health
officials. We assume similar reasoning would apply to the coverage of
the state act.[2]

---

1. In Lunsford v. City of Bryan, Chief Justice Heckman, speaking
for the court, stated that the "reason in the mind of the employer,
and not the exact status of the employee, should govern." Id. at 117.

2. In American National Insurance Co. v. Fair Employment and
Housing Commission, 651 P.2d 1151 (Cal. 1982), the California Supreme
Court, in a case where an employee had high blood pressure, gave the
California Fair Employment and Housing Act a broad interpretation,
holding that a physical handicap is any physical condition that has a
disabling effect and made it clear that the California Act includes
both physical conditions that presently disable and conditions that
may handicap in the future but have no present disabling effect. A
recent ruling of that commission rejected an employer's contention
that the commission lacked jurisdiction because AIDS does not
constitute a physical handicap under the California Fair Employment
and Housing Act and found that AIDS constitutes a physical handicap.
California Fair Employment and Housing Commission v. Raytheon Co., 55
LW 2449 (2/24/87).

## S U M M A R Y

For purposes of standing to file a complaint alleging employment discrimination under the Commission on Human Rights Act, codified as article 5221k, V.T.C.S., a handicap is not limited to the mental and physical conditions expressly enumerated in section 2.01(7) of the act and may include chronic illnesses and contagious diseases. Persons discriminated against on the basis of handicaps perceived by their employers have standing to complain under the act, even if the person in fact is not handicapped.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General