ACCEPTED
01-14-01030-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/30/2015 12:30:13 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01030-CV

_____

IN THE
COURT OF APPEALS
FOR THE
FIRST SUPREME JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/30/2015 12:30:13 PM
CHRISTOPHER A. PRINE
Clerk

_____

TARRIS WOODS, Appellant
v.
SANDRA T. KENNER AND CHARLES E.  TWYMON, JR., Appellees

_____

RESPONSE TO MOTION TO ABATE AND REMAND

To the Honorable Court of Appeals:

Sandra T. Kenner and Charles E.  Twymon, Jr., Appellees, oppose the motion by Appellant, Tarris Woods, to abate this appeal and remand the case for the entry of additional findings of fact and conclusions of law, for these reasons:

I.

The Clerk's Record filed with this Court shows no request by the Appellant for the entry of any additional findings of fact and conclusions of law after the original findings and conclusions were entered by the trial court.  Although the Appellant filed "objections" to the Appellees' "proposed" findings and conclusions (Cl. R. 64-67), no request for additional findings or conclusions was made, nor were any proposed additional findings submitted.  Tex. R. Civ. P. 298 allows a party to request additional findings of fact and conclusions of law after original findings and

conclusions are filed. No such request for additional findings having been made in this case, the Appellant's motion presents nothing for this Court to review. <u>See</u> also, <u>Heard v. City of Dallas</u>, 456 S.W.2d 440, 445 (Tex. Civ. App.—Dallas 1970, writ ref'd n.r.e.) ("the so-called request for additional findings and conclusions does not in our opinion comply with Rule 298, for ... Rule 298 contemplates that the request for further additional or amended findings... shall specify the further additional or amended findings that the party making the request desires the trial court to make and file."). <u>See</u> also, <u>Buckeye Retirement Co., LLC, Ltd. v. Bank of Am., N.A.</u>, 239 S.W.3d 394, 402 (Tex. App.—Dallas 2007, no pet.)("A trial court is not required to make additional findings of fact that are unsupported in the record, that are evidentiary, or that are contrary to other previous findings.").

## II.

This is an appeal from an order probating a copy of a Will as a muniment of title, and vacating a previously entered judgment declaring heirship. The trial court's findings of fact recite the Decedent's death, the execution of a Will "with the formalities and solemnities required," and that the Decedent's original Will could not be located after the exercise of reasonable diligence, but that a true copy of the Will was presented for probate. Then, the trial court concluded that the Appellees had shown error its Judgment Declaring Heirship, previously entered, and that the copy

of the Decedent's Will was entitled to probate.  Cl. R.  68-70.

The trial court's findings of fact need address only the ultimate facts of the case, and not the evidentiary underpinnings for those findings.  Prague v. Prague, 190 S.W.3d 31, 37 (Tex. App.—Dallas 2005, pet. denied).  Moreover, if the trial court's findings "properly and succinctly relate the ultimate findings of fact and law necessary to apprise [the party] of adequate information for the preparation of his or her appeal," those findings and conclusions are sufficient.  In the Interest of R.D.Y., A Child, 51 S.W.3d 314, 322 (Tex. App. —Houston [1 Dist.] 2001, pet denied), Finch v. Finch, 825 S.W.2d 218, 221 (Tex. App.-Houston [1st Dist.] 1992, no writ).  See e.g., Larry F. Smith, Inc. v. The Weber Co., 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied)("The general rule is that an appellant has been harmed if, under the circumstances of the case, he has to guess at the reason the trial court ruled against him. ... If there is only a single ground of recovery or a single defense, an appellant does not usually have to guess at the reasons for the trial court's judgment.").  The Appellant provides no explanation as to why the trial court's findings of fact and conclusions of law prevent him from properly presenting his case on appeal.

III.

Even if the Appellant's motion did present something for this Court to review, that review would be dependent upon whether the trial court's failure to do whatever

the Appellant was requesting amounted to reversible error, which in turn would require a determination of whether the Appellant was unable to effectively present the merits of his appeal. Those issues require at least some consideration of the merits of the appeal, so they would not be subject disposition on a motion preliminary to the briefing of the merits.

For the reasons stated, Sandra T. Kenner and Charles E. Twymon, Jr., Appellees, pray that the Court deny the Appellant's Motion to Abate and Remand this appeal.

Respectfully submitted,

/s/Thomas W McQuage
Thomas W. McQuage
Post Office Box 16894
Galveston, Texas 77552-6894
(409) 762-1104
(409) 762-4005 (FAX)
State Bar No. 13849400
mcquage@swbell.net
ATTORNEY FOR APPELLEES

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing instrument was delivered to counsel for the Appellees on the 30th day of March, 2015, by serving Douglas T. Godinich, through the Efile.TX Courts electronic service.

/s/Thomas W McQuage