ACCEPTED
01-14-01030-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/31/2015 10:47:02 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-01030-CV

TARRIS WOODS

APPELLANT

V.

SANDRA T. KENNER AND CHARLES E. TWYMON, JR.

APPELLEE

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/31/2015 10:47:02 AM
CHRISTOPHER A. PRINE
Clerk

---

## Response to Appellee's on Appellant's Motion to Abate and Remand

---

**TO THE HONORABLE JUSTICES OF SAID COURT:**

**NOW COMES** Appellant, Tarris Woods, makes this response to Appellee's on Appellant's Motion to Abate and Remand and asks the Court to Abate and Remand this case for the Execution of Findings of Fact and Conclusion of law.

I.

1.    Appellees cite this court to the Tex.R.Civ.P. 298 as Authority for the denial of Appellant's motion to abate and that Appellant should have made a request for additional findings and conclusions.

2.    Appellee's counsel submitted the Findings of Facts and Conclusion of Law on December 18, 2014. (Attached hereto and incorporated herein as Exhibit "A")

3.    In Tex.R.Civ.P. 298 the first line clearly states the following: "After the court files original findings and fact and conclusions of law…" The rule did not make any provisions for the

opposing counsel to prepare the findings of fact and conclusions of law, therefore rule 298 is not relevant in this matter based on the evidence that the trial court did not prepare the finding of facts and conclusion of law.

4.     In the case of *Heard v. City of Dallas*, 456 S.W.2d 440, 445 (Tex.Civ.App.-Dallas 1970, writ ref'd n.r.e.) the court makes the clear statement that "After the judge so files original findings of fact and conclusions of law, either party may, within five days, request of him Specified further, additional, or amended findings" in the case at bar the trial court failed to file the original findings of fact and conclusions of law.

## II.

5.     Appellees makes the statement that "The trial court's findings of fact recite the Decedent's death, the execution of a Will "with the formalities and solemnities required,"

The trial court did not make any such findings, the above statement is misleading and appellee's counsel is not making the above argument in good faith.

Appellees go on to say that "[t]he trial court concluded that the Appellees had shown error its Judgment Declaring Heirship, previously entered, and that the copy of the Decedent's Will was entitled to probate." Again, the trial court made no such findings.

6.     In the case of In the Interest of *R.D.Y., a child*, 51 S.W.3d 314, 322 (Tex.App.-Houston [1st Dist.] 2001, pet denied)

the court stated that "A trial court is required to file findings of fact and conclusions of law within 20 days after a timely request is made."

## III.

7.    In the case of *Nadolney v. Taub*, 116 S.W.3d 273, 279 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) the court set out the Standard of Appellate Review when the trial court files its findings of fact and conclusions of law.

8.    "In support of his order granting Taub's petition for a bill of review. A trial judge's findings of fact following a hearing on a bill of review have the same force and effect as jury findings. See: *Hoover v. Sims*, 792 S.W.2d 171,173 (Tex.App.-Houston [1st Dist.] 1980, no writ). In the case at bar the findings of fact was submitted by appellee's counsel.

9.    Generally, a court will review a trial judge's findings of fact in a bill of review proceeding using the same standards we use in reviewing the sufficiency of the evidence to support a jury's answer. See. id.

10.    Since, appellee's counsel submitted the findings of facts and conclusion of law then the sufficiency of the evidence is only one sided from the appellee's stand point.

11.    "These standards are well-established. When a party challenges the legal sufficiency of the evidence supporting an adverse findings on an issue on which it does not have the burden of proof, that party must demonstrate on appeal that there is no

evidence to support the adverse finding…" "[W]e consider all the evidence in the light most favorable to the findings, indulging every reasonable inference in favor of the prevailing party."

12. If the issues requires some consideration of the merits of the appeal, then this court would be considering the evidence in light most favorable to the findings that was submitted by appellee's counsel.

13. Appellant request that this appeal be abated and this court direct the trial court to correct its error pursuant to appellate rule 44.4 TEX.R.APP. P. 44.4 *Acad Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 739 n. 1 (Tex.App-Houston [14th] 2000, no. pet.)

IV.

14. Appellant's request that this appeal be abated and this Court direct the trial court to correct its error pursuant to TEX.R.APP.P. 44.4

Prayer

15. For these reasons, Appellant's asks the Court to direct the trial court to correct its error pursuant to TEX.R.APP.P. 44.4.

Respectfully submitted,

/S/ Douglas T. Godinich
Douglas T. Godinich
Texas Bar No 24007244
2727 Broadway
Galveston, Texas 77550
Tel: (409) 763-2454
Fax: (409) 763-4309

Attorney for Appellant Tarris Woods

## Certificate of Service

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Civil Procedure. I certify that a true copy of this Appellant's Motion to Abate and Remand for the Execution of Findings of Fact and Conclusion of law was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or the attorney for such party indicated below by method indicated.

/s/ Douglas T. Godinich
Douglas T. Godinich

**By FAX TRANSMITTAL**
Thomas W. McQuage
P.O. Box 16894
Galveston, Texas 77552
TEL: 409-762-1104
mcquage@swbell.net

EXHIBIT "A"

**douglas_godinich**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Thursday, December 18, 2014 10:21 AM |
| **To:** | dtglaw1@aol.com |
| **Subject:** | eFileTexas.gov Â– Notification of Service - 3529781 |



# Notification of Service
### Envelope Number: 3529781

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | PR-0073664 |
| **Case Style** | Estate of Charles Edward Twymon, Sr., Deceased |
| **Date/Time Submitted** | 12/18/2014 10:20:27 AM |
| **Filing Type** | Proposed Order |
| **Filed By** | Thomas McQuage |
| **Service Contacts** | Other Service Contacts not associated with a party on the case: Douglas Godinich (dtglaw1@aol.com) |

| Document Details | |
|---|---|
| **File Stamped Copy** | https://efile.txcourts.gov/ViewServiceDocuments.aspx?ADMIN=0&SID=457f09f9-8eb4-4759-a98d-ef9c539167f9&RID=d164670c-a69d-488d-ad54-90b8fb2c37b4 This link is active for 7 days. |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

1

## douglas_godinich

**From:** No-Reply@eFileTexas.gov
**Sent:** Thursday, December 18, 2014 10:22 AM
**To:** dtglaw1@aol.com
**Subject:** eFileTexas.gov Â– Notification of Service - 3529818



# Notification of Service

Envelope Number: **3529818**

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| Case Number | PR-0075144 |
| Case Style | Estate of Charles Edward Twymon, Sr., Deceased |
| Date/Time Submitted | 12/18/2014 10:21:51 AM |
| Filing Type | Proposed Order |
| Filed By | Thomas McQuage |
| Service Contacts | Tarris L. Woods: <br><br> tarris Woods (dtglaw1@aol.com) |

| Document Details | |
|---|---|
| File Stamped Copy | https://efile.txcourts.gov/ViewServiceDocuments.aspx?ADMIN=0&SID=202dd90c-ef6c-4456-9260-7e7c354f2730&RID=5b6c6665-e885-4209-a9e5-1b882e344750 <br> This link is active for 7 days. |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

No PR-0075144

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| CHARLES EDWARD TWYMON, SR., | § § | GALVESTON COUNTY, TEXAS |

No. PR-007-3664

| IN THE ESTATE OF | § | IN THE PROBATE |
| | § | |
| CHARLES EDWARD TWYMON, | § | COURT OF |
| SR., | | |
| | § | |
| DECEASED | § | GALVESTON COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of Fact:

1. On May 12, 2014, Charles E. Twymon, Jr., and Sandra T. Kenner applied for the probate of the Will of Charles Edward Twymon, Sr., hereinafter called Decedent, as a Muniment of Title.

2. The Will offered for probate was self-proved according to law during the lifetime of said Decedent.

3. The Decedent died on July 7, 2012, at 3112 Winnie, Galveston, in Galveston County, Texas, at the age of 79 years.

4. The Decedent's domicile at the time of his death was 3112 Winnie, Galveston, TX 77550, Galveston County, Texas.

5. Four years did not elapse since the death of Decedent or prior to the filing of the Application.

6. The Decedent was over eighteen (18) years of age and of sound mind at the time of

executing said Will.

7. The said Will was executed on April 30, 1999, with the formalities and solemnities and under the circumstances required by law to make it a valid Will.

8. The said Will could not be located after Decedent's death after the exercise of reasonable diligence, but a true and correct copy of said Will was filed in this cause by Applicants, Charles E. Twymon, Jr., and Sandra T. Kenner.

9. Said Will was not revoked by Decedent.

10. No State, governmental agency of the State, nor charitable organization is named by the Will as a devisee.

11. There are no unpaid debts owing by the Estate of Decedent, other than debts secured by liens on real estate.

12. On September 10, 2012, this Court entered its Judgment Declaring Heirship in its cause number PR-007-3664, reciting the heirs at law of Charles Edward Twymon, Sr., and directing the issuance of letters of independent administration in the Estate of Charles Edward Twymon, Sr.

13. Charles E. Twymon, Jr., and Sandra T. Kenner filed a bill of review to revise and correct the Judgment Declaring Heirship entered in cause number PR-007-3664, less than two years after the date of that judgment.

Conclusions of Law.

1. The copy of the Will described above was proved and established as the Last Will and Testament of the Decedent, entitled to probate as a Muniment of Title.

2. Charles E. Twymon, Jr., and Sandra T. Kenner showed error in the Judgment Declaring Heirship entered in cause number PR-007-3664, requiring that judgment to be be revised and

corrected by vacating that judgment, so as to effectively replace that judgment with an order

probating the Will of the Decedent described above.

**SIGNED** this ____ day of _____, 2014.

.

_____

JUDGE PRESIDING